THOMAS PEAKE *vs.* PEABODY KEYES.

FRANKLIN,
*January,*
1830.

Where an appeal was taken from a judgement rendered by a justice of the peace to
the county court, and while the action was pending there, the appellant died, and
the cause was discontinued by virtue of the statute, and the claim submitted to com-
missioners, who reported against the appellant,—it was held that the recognisance
for the appeal was discharged.

This was an action of debt on a bond of recognisance made and
entered into by the defendant in case of an appeal from a judge-
ment rendered by a justice of the peace in an action in favor of
the plaintiff against one Danforth Ainsworth.   The condition of
the recognisance was, " that if said Ainsworth should prosecute his
appeal to effect, and answer and pay all intervening damages oc-
casioned to the plaintiff by his being delayed, with additional costs,
in case judgement should be affirmed, then the said recognisance
to be void ; otherwise of force."   The declaration stated that after
the appeal was entered in the county court, and before any judge-
ment was rendered in the case, Ainsworth died, and his estate be-
ing represented insolvent by the administrator, the action was dis-
continued by virtue of the statute in such case provided ; that the
claim, for the recovery of which the suit had been brought, togeth-
er with the costs  which had accrued, was presented, as is provid-
ed by the statute, to the commissioners who  had been appointed
to settle and adjust the demands against the estate of  Ainsworth,
who allowed  the same against  said estate.   The declaration
averred  that Ainsworth, at the  time the appeal was taken, was
solvent and able to pay  the amount of  the  judgement, and that
between that time and his death he became poor and totally insol-
vent.

The defendant demurred to  the  declaration, and the  plaintiff
joined in demurrer. . The  county  court decided in favor of the
plaintiff, and the case was reserved for the opinion of this Court.

After argument,

PRENTISS, Ch. J., delivered  the opinion of the Court.—The
condition of the recognizance declared upon,is, that Ainsworth,who
was defendant and appellant in the original action, should prose-
cute his appeal to effect, and answer and pay all intervening dam-
ages, occasioned to the plaintiff by his being delayed, with addi-
tional costs, in case  judgement should be  affirmed.  It appears
from the pleadings that Ainsworth entered the action in the ap-
pelate court, and having died while it was pending there, and his
estate being represented insolvent, the  action was discontinued.
The plaintiff thereupon exhibited his claim to the commissiners on

FRANKLIN, the estate of Ainsworth, and the same was allowed by them, with
January,
1830.      the costs which had accrued in the action.

Peake            Where the cause of action, or the action itself, does not survive,
vs.        it is very clear that no remedy can be had upon the recognizance
Keyes.      taken for the appeal, if the appeal is prosecuted until the death of
the party, whereby the suit abates by the act of God. Indeed,
where the condition of a replevin bond is *to prosecute with effect*,
it is held that a prosecution of the suit until it is abated by the death
of one of the parties is a prosecution with effect, and a perform-
ance of the condition.—*(Ormond* vs. *Brierly*, *Carth.* 519 ; 12
*Mod.* 381.) But however this may be, it is a general principle
that where a bond or recognizance is a thing in action, and execu-
tory, and no advantage can be taken until there be a default in the
obligor, if the condition is possible at the time of the making of it,
and before the same can be performed, it becomes impossible, or
is prevented from being performed, by the act of God, as by the
death of the party, or by the act of the law, the obligation is saved.
*(Co. Lit.* 206, *a.* ; *Bull. N. P.* 164 ; 1 *Saund.* 216, *n. 2.)*
Thus, amongst other instances which might be mentioned, a con-
dition in a replevin bond, that the obligor shall prosecute his ac-
tion of replevin to final judgement, is saved, by his prosecuting it
until the suit is abated by the death of the defendant.—*(Badlam*
vs. *Tucker*, 1 *Pick. Rep.* 284.) At common law, a suit, al-
though the cause of action survives, abates by the death of either
party. But by statute, when a suit is commenced to, or pend-
ing in, any court, and either of the parties dies before final judge-
ment, the executor or administrator of the deceased party, in case
the cause of action by law survives, is authorized, at the next term
after probate of the will, or granting of administration, to enter,
and prosecute or defend the suit to final judgement ; and the
court is empowered to hear and determine the same, and to ren-
der judgement for or against the executor or andministrator, as the
case may require. And if the executor or administrator, after
being duly served with a *scire facias*, twelve days before the ses-
sion of the court, shall neglect to become a party to the suit, the
court may render judgement against the estate of the deceased
party, in the same manner as if the executor or administrator had
voluntarily become a party to the suit.—*(Comp. Stat. p.* 345,
*s.* 61.) By this provision, it is not made the duty of the executor
or administrator to appear, and prosecute or defend the action,
without notice ; and unless he voluntarily comes in, or the survi-
ving party sues out a *scire facias* to call him in, the suit, although

the cause of action survives, abates as at common law, and no remedy can be had upon the recognizance for the appeal. In the case of *Jenny* vs. *Jenny*, 14 *Mass.* 231, it was decided, that where the plaintiff in replevin dies pending his action, if his executor or administrator be not summoned to come in, or do not voluntarily come in, to prosecute the suit, it ceases, and no action can be maintained on the replevin bond. If the executor or administrator appears, or is summoned to appear, the action may proceed to judgement on the merits. But where the defendant dies pending the suit, and his estate is represented insolvent, no further proceedings can be had in the action. The statute declares, that every action, pending against any person at the time of his decease, and which shall be pending at the time his estate is represented insolvent, shall be discontinued.—*(Comp. Stat. p.* 343, *s.* 53.) In such case, as the statute directs that the action shall be discontinued, and there is consequently an end of the case, the appeal is prosecuted as far as the law will allow; and whether it is considered that the condition of the recognizance has been performed, or that the performance of it has been prevented by the act of God, in connection with the provisions of law, it equally precludes any recovery against the bail for the appeal, whether the appeal was taken by the plaintiff or the defendant in the suit. If taken by the defendant, and the plaintiff's suit was discontinued or abated, it is difficult to see how there could be any breach of the recognizance or any right of action in the plaintiff upon it. In such case, the plaintiff's only course is to prove the claim, embraced in the action, against the defendant's estate, under the commission; and although provision is made, that the commissioners, in allowing or disallowing the claim, shall allow the party recovering, the costs of the action, to the time of the discontinuance, the allowance of the claim and costs by them is not a judgement in the action.

        Judgement of the county court reversed,
        and judgement entered for the defendant.

*Royce & Read,* for plaintiff.
*Aldis & Davis,* for defendant.