BENJAMIN MOTT *v.* FREDERICK HAZEN AND JOHN M. SOWLES.

*Collusion between the original parties, a defence to the bail. Duplicity.*

Collusion between the parties to a suit to have a judgment entered up for the purpose of defrauding the bail is a good defence to an action on the recognizance.

Mott *v.* Hazen et al.

*Several matters in a plea, if they are constituent parts of the same entire defence, or are alleged as inducements to or consequences of another fact, do not render the plea double.*

DEBT on a recognizance for an appeal, by one Hamilton Babcock, from the judgment of a justice of the peace against him, in favor of the plaintiff, on the 12th day of November, 1845. The declaration contained the usual and necessary averments, in reference to which no question was made. The defendants' plea admitted the recovery of the justice judgment, the appeal therefrom, the defendants becoming recognized therefor, the entry of the suit in the county court, its continuance therein from term to term, the decease of the original defendant Babcock, the appointment of one James Badger as his administrator, and the recovery of a judgment, in said suit, by the plaintiff against said Badger as administrator, and that said judgment had never been paid or satisfied as stated in the declaration, and then proceeded as follows: "yet nevertheless, the defendants say that the plaintiff "ought not to have or maintain his aforesaid action thereof, but "ought to be precluded and barred, because they say that the judg-"ment recovered before the said George W. Good in the 12th "day of November, 1845, in favor of the plaintiff and against the "said Hamilton Babcock, and also the judgment obtained by "the plaintiff against the administrator of said Babcock, at the "February term of said Grand Isle county court, A. D. 1852, was "for pretended trespasses in cutting and carrying away hay or "grass off of the south half of lot No. 4, in the first range of lots in "the town of Alburgh, during the years 1842 and 1843 ; and "at the time of the pretended trespasses, the said plaintiff was "not in possession of the south half of lot No. 4, and had no right "of possession of the same, but during and at the time of the pre-"tended trespasses by said Babcock, one James Abbot was in the "absolute and lawful possession of said south half of said lot No. "4 ; and after the death of said Babcock, and while said suit was "pending in said Grand Isle county court, the said Babcock hav-"ing no property within this state at the time of his decease, the "plaintiff for the purpose of procuring a judgment in said suit and "to defraud the defendant as bail in said suit, and to compel the "said defendant to pay the plaintiff his damages and costs in said "suit for said pretended trespasses on the south half of lot No 4, as

" aforesaid, and during the time aforesaid, applied to one James
" Badger, and desired him, the said James, to take out letters of
" administration on the said Babcock's estate, with an understand-
" ing between the said plaintiff and the said James, that said plain-
" tiff was to pay all the expenses of said administration, and the said
" James was to aid the plaintiff in procuring a judgment in the
" plaintiff's favor, in said suit; and afterwards, on the 13th day of
" December, 1851, the said James with the intent and for the pur-
" pose of aiding the plaintiff in imposing an unjust claim and to
" injure and defraud the defendant as bail in said suit, *plaintiff*
" v. *Babcock*, did apply for and obtain letters of administration
" from the probate court within and for the district of Grand Isle;
" and after the said James became the administrator of the said
" Babcock, and after the said James had entered his name as party
" defendant in said suit, in said county court, and before the Feb-
" ruary Term of said court, 1852, one of the defendants tendered to
" the said James a good and valid bond, or his agreement in writing,
" therein agreeing to indemnify and save harmless, the said James
" from all loss, cost and expense or damage that should in anywise
" accrue to the said James as administrator of said Babcock in said
" suit, provided the said James would contest the suit in favor of
" the plaintiffs and against him as administrator of said Babcock,
" or would not interfere in said suit, and would permit the said
" defendants to defend the same, but the said James refused either
" to contest the suit as aforesaid, or permit the said defendants to
" do so; and afterwards the said James, at the February Term of
" the Grand Isle county court, 1852, in pursuance of his corrupt
" agreement with said plaintiff, and for the purpose and with the
" intent to aid the plaintiff in an unjust claim, and to injure and
" defraud the defendants as bail in said suit, and against their will,
" ordered and directed the said county court to render judgment
" against him in said suit; and the said county court, at the Febru-
" ary Term thereof, 1852, at North Hero, in said Grand Isle county,
" at the instigation and request of the plaintiff, and the said James
" did render a judgment in favor of the plaintiff and against the
" defendant as administrator of said Babcock, for the damages and
" costs mentioned in said plaintiff's declaration, all of which the said
" defendants are ready to verify," &c.

Mott *v.* Hazen et al.

To this plea the plaintiffs demurred and assigned as a special cause of demurrer "that the said plea is double, in this, that the "defendants thereby plead, and seek to put in issue a multiplicity "of issues, namely the validity of the judgment rendered by said "justice Goodrich, on the 12th day of November, A. D. 1845; "the validity of the judgment of the Grand Isle county court, at the "February Term thereof, A. D. 1852; the fact of who was in "possession of the south half of lot No. 4, in the first range of "lots in the said Alburgh, in and during the years 1842 and "1843; the manner of obtaining letters of administration by said "Badger upon said Babcock's estate, and the validity of said "administration; the defendants offering or tendering to said Bad-"ger a bond or agreement to indemnify him if he would allow them "to defend said suit, and the legality and validity of said bond or "agreement; that said adminstrator of said Babcock refused to "suffer these defendants to defend said suit, and that said administra-"tor entered into a corrupt agreement with the plaintiff to aid him to "obtain a judgment against said estate in order to charge these "defendants as bail."

The county court, August Term, 1853,—PECK, J., presiding,— overruled the demurrer and adjudged the plea sufficient. Exceptions by the plaintiff.

*G. Harrington*, for the plaintiff.

The action against Babcock, being an action of trespass for damages to land, as appears by the defendant's plea, is among those actions which survive to and against administrators. *Bellows* v. *Admr. of Allen*, 22 Vt. 108. *Dana, Admr.* v. *Lull*, 21 Vt. 383. *Admr. of Barrett* v. *Copeland*, 20 Vt. 244.

One who has become recognized for costs cannot, after judgment against his principal, defend an action on the recognizance by showing an irregularity in obtaining such judgment. *Stedman* v. *Ingraham*, 22 Vt. 346. *Burham* v. *Bass*, 5 Vt. 463. *Middletown* v. *Ames & Rudd*, 7 Vt. 166.

The plea is bad for duplicity, on special demurrer, Gould Pl. 406, §49–420, §3.

*F. Hazen*, for the defendants.

The demurrer, conceding all the facts alleged in the plea to be true, there was no error in the decision of the court below. *Parkhurst* v. *Sumner*, 23 Vt. 538.

The plea is not double. To plead several distinct facts, all tending to one defence, is no departure in pleading. *Torrey* v. *Field*, 10 Vt. 353.

The opinion of the court was delivered by

ISHAM, J. This recognizance was given on the appeal of the case in favor of the plaintiff against Hamilton Babcock. That suit ˋ was an action of trespass to recover damages for an injury to real estate, and while the suit was pending, the defendant deceased. It is stated in the plea, and the facts are admitted by the demurrer, that an administrator was appointed on the estate of Babcock, that his appearance was entered of record, and that a final judgment was recovered by the plaintiff against the estate. The suit was properly continued in court and prosecuted to final judgment against the administrator; for under the provisions of the Comp. Stat. 341, §10, 12, the cause of action survived against the estate. If commissioners for the allowance of claims against the estate had been appointed, it probably would have operated as a discontinuance of the suit, and as a discharge of the recognizance; but as none were appointed, the suit was properly prosecuted in court, and the recognizance remained as obligatory, as if the death of the party had not intervened. *Peake* v. *Keyes*, 3 Vt. 317.

The material question in the case arises upon a demurrer to the defendant's plea in bar. The plea in substance states, that the judgment in favor of the plaintiff against the estate of Babcock was recovered under a fraudulent agreement between the plaintiff and the administrator that no defence shoud be made in the case. It is averred that no legal claim for damages existed, and that none could have been recovered if the administrator had properly defended the suit. The fact that the judgment was fraudulently obtained for the purpose of defrauding the defendants as bail, and to compel the bail to pay the plaintiff the amount of damages and costs, is distinctly stated in the plea, and admitted by the demurrer. The question arises whether such matter constitutes a good defence in a suit on this recognizance.

The judgment in that case is probably conclusive between the parties. Those who are interested in the estate of Babcock are not permitted to impeach or avoid its effect by any considerations which are stated in the plea. Those persons who stand as bail are so far privies to that judgment, that they cannot avoid it for any *irregularity in the proceedings* upon which it was obtained. *Stedman* v. *Ingraham*, 22 Vt. 346. In the case of *Parkhurst* v. *Sumner*, 23 Vt. 539, it was held "that all matters, which might have, been " urged by the party before the adjudication, are concluded by the " judgment as to the principal parties, and all privies in interest, or " estate, and among privies are those, who are holden as bail " for the party." If the plea in this case had merely stated matter showing an irregularity in the proceedings upon which the judgment was rendered, it would, obviously, have been defective, as being no answer to the declaration. But the ground of defense in this case is the collusion between the parties in the original suit to enter up a judgment for the purpose of defrauding the bail. That was the defence made by the bail in a suit on a similar recognizance, in the case of *Parkhurst* v. *Sumner*, and it was held available. In that case, the court remarked, " that the collusion between the orig- " inal parties is not a matter of which they could ever have availed " themselves, and there is no doubt it will avail the bail either at " law or in equity, and the bail may plead it at the earliest oppor- " tunity afforded him in the suit upon his recognizance. The " defense is not concluded by the judgment against the principal, " since it is a matter which no one could properly have urged in " that action." The doctrine of that case, we are satisfied, is sound on principle and authority. As against the bail the judgment is void; it has no legal effect, and is the same in legal contemplation as if no judgment had been rendered. 1 Story, 147–8. 10 John, 594. This rule is of universal application, and · equally affects judgments, recognizances, debts of record, as well as instruments under seal and simple contracts. Wherever fraud exists, the party injured can find redress at law, as well as in equity. If it is a defence in one tribunal, it is equally so in the other. 1 Story Eq. §160. 1 John Ch. 429. The subject matter of this plea, we think, is a good defense to this action on the recognizance.

We do not see any duplicity in this plea which renders it defec-

tive on this demurrer. The defendants are not precluded from introducing several matters into their plea, if they are constituent parts of the same entire defense, or be alleged as inducement to, or as a consequence of another fact. 1 Chitty on Plea 512. Com. Dig. (Plead. E. 2.) The demurrer must be overruled, and the plea adjudged sufficient.

The judgment of the county court is affirmed.