NicholsON, C. J.,
delivered the opinion of the Court.
Two motions are made in this court against the sheriff of Davidson county and his sureties, for false and insufficient returns made by two of his deputies, on two executions issuing from this court. The executions issued in the cases of M. B. Howell, C. & M., against Andrew Morrison, principal, and others as his sureties; the two amounting to over $6,000.
The executions issued on the 21st of September, 1871, and on that day were received by the two deputies. They were returnable on the 1st Monday of December, 1871. The returns on the executions are: “ came to hand same day issued, and there being no personal property belonging to the principal defendant, Andrew Morrison, to be found in my county, upon *210 which to levy this fi. fa., having searched for same until date of this levy, November 1, 1871, I therefore levy on the following described real estate, as the property of Andrew Morrison;” the property levied on being several lots in Nashville.
The defendant in the execution, Andrew Morrison, endorsed thereon a written waiver of the necessity of the legal advertisement and notice of the sale of the property, and agreed that the same might be sold by the sheriff on the 2d day of December, 1871.
On the 4th of December, 1871, the two executions were returned to the clerk’s office, with the levies and endorsements already noticed, and also, with the further return, that on the 2d. day of December, 1871, between lawful hours, the property was offered for sale at the court-house in Nashville, Tennessee, for cash, when the same was not sold for want of a bidder, after which there was not time to advertise again before the return day of the execution.
The motions are based on s. 3594 of the Code, which authorizes such motion 'against a sheriff, when he fails to make due and proper return, or when he makes a false or insufficient return of an execution. In the 1 case of Fussel v. Greenfield, 1 Sneed, 443, the court said: “In respect to the motion for a false or insufficient return, it becomes necessary to determine the legal interpretation of these words, or the sense in which they áre to be understood as used in the statute under consideration. We think it clear that they have reference alone to the face of the return, and in the determination of the question whether *211 tbe return be false or insufficient, nothing extrinsic of the return can be looked to.” This case settles the law to be, that to pronounce a return false or insufficient, it must be so affirmed as a legal conclusion from the facts stated in the return.
The same construction is placed on the words “false and insufficient return,” in the case of Rains v. Childress, 2 Hum., 450, in which it was said: “ The Legislature intended to hold the sheriff liable on motion in cases only when the falsehood or insufficiency of the return appeared upon the face of the return itself, and not to make the motion a substitute for the common remedy by the action for negligence, or for a false return.”
Before proceeding to examine the returns in pursuance of the law as laid down in these cases, it is proper to remark, that the sheriff has the whole intervening period between the time the execution comes into his hands and the return day, to execute the process,, unless in cases where, by delay in the execution thereof, the debt might be lost or put in jeopardy, Nolin v. Parchman, 3 Head, 613.
In the case before us, the executions came to the hands of the sheriff on the 21st of September, 1871, and he had from that time until the 4th of December, 1871, the return day, in which to execute the process. But as the object of the execution was to make the money, and have it ready on the return •day, it was . his duty to make his levy in sufficient time to sell and have the money ready, or by his return to show a sufficient reason for not doing so. *212 He held the execution until the 1st day of November, 1871, nearly six weeks before he levied on the lots. He then had over thirty days in which to advertise and sell before the return day. This was ample time to have had the money ready. But he postponed the day of sale for thirty days after the levy, whereas he might, under the law, have sold at the end of twenty days. It is argued that this furnishes evidence that the sheriff was favoring the defendant, by postponing the sale to a day too late to re-advertise in case of a failure to sell. But how can we so presume, when we can see that if he had advertised to sell at the end of twenty days, and the sale had failed for want of bidders, it would then have been too late to re-advertise and sell. The sheriff could not foresee that the sale would be defeated for want of bidders; and if he could, the consequence would have been the same, whether he fixed the day of sale at the end of twenty or of thirty days.
Looking only to the face of the return, we can see nothing from which we can say that the return is either false or insufficient, but we see that the levy was made in time to advertise and sell, and that the sale failed for want of bidders: the return of that fact was sufficient.
But it is said that the sale did not take place because the sheriff failed to advertise as the law directs. The return states that the defendant Morrison “ waived the necessity of legal advertisement and notice of sale,” and that the land was offered for sale, but not sold for want of bidders.
*213 It was the duty of the sheriff, under s. 2145 of the Code as amended by the act of 1859-60, ch. 60, to advertise the land in some newspaper for three successive weeks; but the owner of the land, by s. 2146, had the right to forbid the publication in a newspaper. Upon the owner’s forbidding such publication, it was the duty of the sheriff, by s. 2148, to make publication by written notices for thirty days. By s. 2152, if made without pursuing these directions, the sale would be neither void nor voidable, but by s. 2153, the officer would be guilty of a misdemeanor for violating these directions, and be liable besides for damages to the party injured. By s. 3042, the defendant in actual possession is to have twenty days’ written notice.
The owner of the land had the right to forbid the publication of the sale in a newspaper, and to waive the twenty days’ written notice, but he had no right to waive the publication by written notices to be posted, except so far as he was interested in the sale. The plaintiff in the execution was interested that his debt should be made by a sale of the land for an adequate price, and to effect this he had the right to have the sale published by the written advertisements.
' When, therefore, the sheriff offered the land for sale without having so published the sale, he violated the law, was guilty of a misdemeanor, and subjected himself to all actual damages resulting to plaintiff in the execution by reason of such violation of law. But the damages could only be recovered by action *214 at common law on the sheriff’s bond, and not under the summary proceeding by motion.
The return shows that the owner of the land waived the necessity of legal advertisement or notice, but it does not show that publication was not made by written advertisement, nor that the want of bidders was the result of such failure to advertise.
On the face of the return, therefore, we cannot see that the same is either false or insufficient. It is expressly enacted that a sale made without advertisement would be valid, and hence the having advertised before sale was not a necessary part of the return.
In conclusion, it is. said that the sheriff’s return shows that he did not levy on the land for about six weeks after the execution came into his hands, and this is relied on to show that the return is insufficient. The case of Eakin v. Boyd, 5 Sneed, 205, is relied on to sustain this position. In that case the execution came to the sheriff’s hands on the 26th day of September, 1857, and was returnable on the 26th of October, 1857. The sheriff levied on personal property on the 20th of October, 1857, and made this return: “Returned for want of time to advertise and sell, October, 26, 1857.” The sheriff showed no excuse for failing to levy until it was too late to advertise and sell.. This was held to be decisive of the case, and to fix the sheriff with responsibility.
In the case before us the sheriff gives a reason for not levying on the land at an earlier time. He says he was searching for personal property on which *215 to' levy. But even without reference to the reason assigned for his delay, he still levied in ample time to advertise and sell. We have no right to assume that the reason given for the delay was false; it is not contradicted by anything else in the return. .
In two essential respects, therefore, the case before us differs from the case of Eakin v. Boyd. The principle on which that rests, instead of conflicting with sustains the conclusion in the present case, that the return of the sheriff is sufficient.
Upon a view of the whole case, we are of opinion that the motions in both cases are not well taken, and must be dismissed.