E. P. GILSON, Administrator, *v.* JOSIAH G. PARKHURST.

*Ejectment. Officer's Return. Homestead on what Debts not Exempt. Parole Evidence.*

1. When an *officer's return has one date*, and the *filing* or *certificate* of the *county clerk, another*, as to when the execution was returned, the *return* is the legal evidence of such fact, and *prevails over the date* of the filing.
2. The *return of an officer* is the legal evidence of *everything therein recited within his official duty;* and this has been familiar law, since *Eastman* v. *Curtis*, 4 Vt. 616, and *Swift* v. *Cobb*, 10 Vt. 282.
3. Under the Gen. Sts. c. 68, s. 7, (R. L. s. 1901,) the homestead is subject to attachment *on all debts existing at the time of filing the deed of the homestead in the town clerk's office.* There is no necessity for a present right of action.
4. Parol evidence is admissible to show that the debt existed at the time of filing the deed of the homestead.
5. When the interest of the debtor is ascertainable from the return, and no difficulty in putting the creditor in possession, the levy is not void from indefiniteness.

THIS case was tried at the May Term, 1880, BARRETT, J., presiding. It was an action of ejectment for premises in Cavendish. Trial by the court. Plea, general issue.

The plaintiff introduced a copy of record of a judgment in favor of plaintiff's intestate, Josiah Gilson, against defendant, and an execution issued thereon dated 21st day of August, 1878, and the levy of the same execution on the homestead premises of defendant, and the same sued for in this action.

And also a deed from T. O. Seaver to defendant, conveying the premises in question with other premises, which deed was dated February 22d, 1871.

The plaintiff put into the case a $500 note and a writing signed by defendant acknowledging the receipt from Josiah Gilson of $1000, with indorsements thereon, on which, said judgment was rendered and said execution was issued, claiming the right to hold the homestead by the attachment upon the original writ and the levy of said execution ; and introduced parol evidence tending to show that the $1000 was paid and became a debt before the filing of the Seaver deed in the town clerk's office. To the admission of the parol evidence the defendant objected, but the same was received, to which the defendant excepted. The defendant claimed that by the terms of said writing for the $1000 and the indorsements thereon, that no cause of action arose or accrued to the plaintiff's intestate, until long after the filing of said Seaver deed in the town clerk's office, and that said attachment and levy cannot affect the homestead. Defendant introduced a mortgage deed from said defendant to Josiah Gilson. The court from all the evidence found that said $1000 was a debt before the filing of said Seaver deed in the town clerk's office, and therefore said homestead was subject to said attachment and levy. To which defendant excepted.

The court rendered judgment for the plaintiff to recover $1.00 damages and the seisin and possession of the demanded premises, to all which the defendant excepted. Exceptions allowed, execution stayed, and cause passed to Supreme Court.

The Gilson mortgage was dated the 17th day of June, 1873, but it purported to be given to secure money advanced prior to

the execution of the mortgage.   The following is the description of the premises in the return on the execution :

"on a certain piece of land with the appurtenances thereof, and being in Cavendish, bounded as follows: It being the homestead of said Josiah G. Parkhurst, the dwelling-house, where the said Josiah G. Parkhurst now lives in Cavendish, and the framed woodshed connected to the same, together with the land on which said house and framed woodshed stand; and a space all around them of two feet, with all the land in front of said house to the street or highway, reserving to N. B. Pierce his heirs and assigns the use and occupancy of the northwest bed room chamber, and a right of way to and from said bed room chamber over the front hall and stairway out into the street.   Said Pierce, his heirs and assigns, also to own all the real estate described in the petition of said Pierce, excepting as above set out for a homestead; shall use and enjoy in common with the said Josiah G. Parkhurst and Mary E. Parkhurst, the drive way on the west side of said dwelling house, which leads to the barn and open woodshed on said premises, and to the woodshed of the said Josiah G. Parkhurst and Mary E. Parkhurst, equally."

The other facts appear in the opinion of the court.

*J. B. Phelps*, for plaintiff.

The only question is, which is to be taken as true, the officer's return, or the filing of the clerk of court.   The officer takes the execution to the county clerk's office, pays his fees for recording there, and completes his return there ; and his return is a deliberate recital under his oath of office.   The clerk makes his filing, when the execution comes to his attention as returned into his office.   The statute does not require the clerk to make any indorsement of the day when the execution is returned.   The rule, also, is well settled that an officer's return is conclusive between the parties.   *Eastman* v. *Curtis*, 4 Vt. 616 ; *Swift* v. *Cobb*, 10 Vt. 282.   The return sufficiently describes the premises set off. *Maeck* v. *Sinclear*, 10 Vt. 103 ; *Hyde* v. *Barney*, 17 Vt. 280 ; *Barnard* v. *Russell*, 19 Vt. 334.

*Geo. L. Fletcher*, for the defendant.

The execution was issued August 21st, and returned November 9th, 1878 ; it is, therefore, a void levy.   Gen. Sts. c. 33, s. 91, and c. 47, s. 23 ; *Russell* v. *Brooks*, 27 Vt. 640 ; *Hall* v. *Hall*,

5 Vt. 304; *Little* v. *Sleeper*, 37 Vt. 106 ; *Downer* v. *Hazen*, 10 Vt. 418. A levy, which lacks anything that the statute requires, cannot pass title. *Ellison* v. *Wilson*, 36 Vt. 60. In ejectment plaintiff must prove his title. 19 Vt. 77 ; 38 Vt. 278. There is a distinction between records for public notice and those made essential in giving title. *Lamoille Valley R. R. Co.* v. *Fairfield*, 51 Vt. 263, by ROYCE, J. The officer's statement is no evidence of the fact of the day of return. 36 Vt. 60 ; 40 Vt. 224, PECK, J. ; 38 Vt. 283-4.

When lands are held in common, an " undivided " interest must be set off. Gen. Sts. 47, s. 32 ; 33 Vt. 13 ; 19 Vt. 451. The homestead was not liable to attachment. Parol evidence not admissible to explain the debt evidenced by the writing.

The opinion of the court was delivered by

ROYCE, J. The plaintiff claimed title to the premises described in his declaration under the levy of an execution in favor of his intestate and against the defendant. The first objection made to the validity of the levy was, that it was not returned into the office of the clerk of the court from whence it issued during its life. As evidence that it was so returned, the plaintiff relied upon the return made by the officer upon the execution. That the return of an officer upon an execution is legal evidence of everything therein recited which is within his official jurisdiction and duty, has been familiar law in this State ever since the decisions made in *Eastman* v. *Curtis*, 4 Vt. 616, and *Swift* v. *Cobb*, 10 Vt. 282. The return upon the execution states that on the 14th of September, 1878, (which was within the life of the execution,) he caused the same, with his return thereon, to be recorded in the records of land of said town of Cavendish, and thereafterwards returned the same into the office of the clerk of the court from which it issued, and caused the same to be there recorded ;—and the return is dated the same 14th day of September. The return shows that the execution was returned into the office of the clerk on the day of its date ; and it was the official duty of the officer to so return it. The court was justified in finding from the evidence contained in the

return, that the execution was seasonably returned to the clerk, unless there was other legal evidence before him which outweighed the evidence contained in the return, showing that it was not so returned. To show that it was not so returned the defendant introduced and relied upon as evidence, the certificate or filing made by the county clerk upon the execution, showing that it was returned into his office on the 9th day of Nov. 1878, (which was more than sixty days from its date,) and was recorded on the 5th of December, 1878. The making of said certificate or filing was no part of the official duty of the clerk. There was no law requiring him to make it, or which made it evidence when made. Hence it was entitled to no more weight or consideration, as evidence, than if made by any other person. The court was therefore justified in disregarding it as evidence, and basing his finding of the fact upon the only legal evidence that there appears to have been in the case,—the return of the officer.

The evidence that was admitted tending to show that the debt upon which the judgment was rendered, and this execution was issued, existed before the filing of the deed from Seaver to the defendant, was clearly admissible. It is not necessary, under the 7th sec. of chap. 68 of the General Statutes, which subjects the homestead to attachment and levy of execution upon all causes of action existing at the time of acquiring the homestead, that there should then be a present right of action. In *West River Bank* v. *Gale*, 42 Vt. 27, it is said in the opinion, delivered by PIERPOINT, Ch. J., that the statute " exempts the homestead from attachment on all debts *except such as have an existence at the time the deed thereof is left for record.*" The evidence admitted tended to show the existence of such a debt.

The objection that was made to the levy as being indefinite, uncertain, and insufficient, is not tenable. The levy extended over, and embraced all the interest of the debtor in the premises levied upon. That interest was ascertainable by the return, so that there could be no difficulty in putting the execution creditor in possession. There does not appear to have been any such tenancy in common as to bring the case within the rule established

in the cases relied upon by the defendant, in which it has been held that the levy should be made upon an undivided part or interest.

The judgment is affirmed.