### JOSEPH YATTER *v.* PITKIN & MILLER.

May Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed May 11, 1900.

*Time of returning precept to be shown by return*—The time when an execution is returned into the office of the clerk of the court from which it issued is one of the things required to be shown by the return itself.

*Return not to be collaterally attacked*—The time of the return, as shown by the return itself, cannot be contradicted except in a direct proceeding to vacate or annul the return.

*Scire facias—Return on execution conclusive*—In an action of *scire facias* against bail, to maintain which it is necessary to show a return of *non est inventus* on an execution against the principal within the time fixed by law, the return of the officer is, in the absence of fraud, conclusive as to the time when the return was made.

SCIRE FACIAS brought by the plaintiff against the defendants on their liability as bail in an action of tort in which the plaintiff recovered final judgment in the Supreme Court for Washington County, against one Omer Miller and took out execution thereon. This action was brought to the Supreme Court for Washington County and was heard on the report of a referee appointed to find and report the facts.

Before the referee the plaintiff introduced in evidence the officer's return of his doings as endorsed on the execution, and relied upon that to show that the execution was returned January 12, 1889, the day named in the return itself.

The defendant introduced and relied upon the evidence of M. E. Smilie, clerk of said court, who testified that the execution was in fact returned January 28, 1889, and not before, referring for the exact date to a minute or filing stamped by him as clerk upon the back of the execution.

The evidence was received subject to objection and the referee reported that if the evidence of the clerk was admissible he found that the execution was returned on the day named in his testimony, otherwise that it was returned on the day recited in the return itself.

Both parties filed exceptions to the report of the referee.

*J. G. Wing* for the plaintiff.

*Dillingham, Huse & Howland* for the defendants.

START, J. The action is *scire facias*. The plaintiff seeks to charge the defendants as bail for the amount of a judgment of this court in an action of tort against one Omer Miller; and

the issue is, did the plaintiff cause a legal return of *non est inventus* to be made on the execution within sixty days from the time of rendering final judgment.

At the time the judgment was rendered, R. L., sec. 1538, was in force, which provides that no execution shall issue on a judgment of the Supreme or County Court until twenty-four hours after the rising of the court, unless by special permission. R, L., sec. 1545, provides that the day on which the plaintiff is first by law, without leave of court, entitled to an execution on a judgment rendered in his favor, shall be deemed the time of rendering such judgment so far as relates to holding property attached on mesne process, and the charging of a person as bail for delivering up the body of the principal. It does not appear that special permission was given for the issuing of an execution, and, under these statutes, the day following the adjournment of the court must be regarded as the day on which final judgment was rendered. The return upon the execution shows that the execution was returned to this court on the 12th day of January, 1889. If this is conclusive, the issue is found by the referee in favor of the plaintiff.

The deputy sheriff to whom the execution was delivered was lawfully commanded to make due return, with his doings thereon, within sixty days. R. L., sec. 1538. It was his duty to serve it according to its direction. R. L., secs. 2577, 856. This required him to make a return of his doings. One of the things he was required to do was to return the execution into court within sixty days from its date, and, if he did so return it, it was his duty to show this fact by his return. In stating that he returned the execution on the 12th day of January, 1889, he was doing what the precept required him to do ; and this statement is a part of the return he was required to make. *Gilson* v. *Parkhurst*, 53 Vt. 384. It being the duty of the officer to show by his return the time when he returned the execution into the office of the clerk of the court from which it issued, the case

17

falls within the general rule that an officer's return, as between the parties to a suit and their privies, imports absolute verity and cannot be contradicted, except in a direct proceeding to vacate or annul it. Encyclopædia of Pleading and Practice, vol. 18, 965; *Eastman* v. *Curtis,* 4 Vt. 616; *Bank* v. *Downer,* 29 Vt. 332; *Swift* v. *Cobb,* 10 Vt. 282; *Gilson* v. *Parkhurst,* 53 Vt. 384; *Sawyer* v. *Harmon,* 136 Mass. 414. At the time the defendants became bail for the appearance of Miller, and at the time the judgment was rendered and the execution issued, our statute, R. L., secs. 1470, 1471, made a return of *non est inventus* within sixty days from the time of rendering final judgment the foundation for *scire facias* against bail; and, in such action, the return of the officer is, in the absence of fraud, conclusive. American and English Encyclopædia of Law, 2 ed. vol. 3, 623; *Winchel* v. *Stiles,* 15 Mass. 230; *Cozine* v. *Walter,* 55 N. Y. 304; *Parkhurst* v. *Sumner,* 23 Vt. 541; *Mott* v. *Hazen,* 27 Vt. 213; *Chamberlain* v. *Godfrey,* 34 Vt. 383; *McArthur* v. *Pease,* 46 Barb. 423; *Bradley* v. *Bishop,* 7 Wend. 353.

After this opinion was written, and before it was announced, the defendants surrendered the principal into court, paid the costs and were discharged.