COLUMBIAN GRANITE COMPANY *v.* W. C. TOWNSEND & Co.

January Term, 1902.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed March 10, 1902.

*Plea in abatement—Officer's return—Demurrer—Stipulation of parties.*

A demurrer to a plea in abatement impeaching an officer's return good on its face, will be sustained, though the parties stipulate that the question shall be as to the sufficiency of the service.

When pleadings close in a demurrer, no facts will be treated as in the case except such as appear in the pleadings and are well pleaded.

GENERAL ASSUMPSIT returnable to the City Court of Montpelier, *Smilie,* Judge. Plea in abatement for want of service. Demurrer thereto. Judgment sustaining the demurrer. The defendant excepted. Stipulation of parties (quoted in the opinion) filed.

*Gordon & Jackson* for the defendant.

Under the stipulation filed in this case the court can consider nothing as to the facts stated in the plea. The old rule as to the conclusiveness of the return is relaxed under the modern decisions. *Crosby* v. *Farmer,* 39 Minn. 307. The reason is stated in *Geary* v. *State,* 11 Tex. Appeal 534; "Not to hear a person and compel him to resort to an action against the sheriff, is to permit a citizen's property to be taken without

due course of law and is in violation of the constitution." It has been repeatedly held that the return may be contradicted when a question of the jurisdiction of the party arises. *Pollard* v. *Wagener,* 13 Wis. 569; *St. Sure* v. *Lindesfelt,* 82 Wis. 346; *Printing Press Co.* v. *Marder,* 50 Neb. 287; *Cavanaugh* v. *Smith,* 84 Ind. 380; *Davis* v. *Dresback,* 81 Ill. 393.

The plea shows that the party knew all the facts regarding the Jones agency and that the goods were not in the possession of the defendant when attached, and the officer cannot conclude the defendant by stating that the person is an agent any more than he could conclude an estate by stating that the person was living when he served a writ, when in fact the person was dead. It was formerly held in this state, as well as in others, that a foreign judgment could not be impeached directly, but that rule has been abrogated as appears by *Wood* v. *Augustines,* 70 Vt. 637, so far as jurisdictional questions are concerned.

"Where the parties in an agreed statement of facts agree to a fact decisive of the title, the officer's return, which would have been conclusive evidence upon a trial between them, is not to be regarded." *Wolcott* v. *Ely,* 2 Allen 338. The agreed case takes the place of the pleadings. They are unnecessary, and if filed will be disregarded. *Day* v. *Day,* 100 Ind. 460. Where a case is submitted on the pleadings and certain agreed facts, such facts must be considered by the court and the case determined upon the whole record, although some of the facts were not pleaded. *Perry* v. *Murry,* 55 Ohio, 416; *Cushing* v. *Kenfield,* 5 Allen 307; *Munson* v. *Coburn,* 4 Allen, 136; *Ellsworth* v. *Brewer,* 11 Pick. 316; *Rogers* v. *Daniels,* 8 Allen 343; *Smith* v. *Carney,* 127 Mass. 179; *Society* v. *Harriman,* 145 Mass. 321; *Fish* v. *Fisk,* 154 Mass. 302; *Alden* v. *Goddard,* 73 Me. 345; *Day* v. *Day,* 100 Ind. 460.

*Frederick P. Carleton* for the plaintiff.

The only question in this case is whether the defendant's plea in abatement is good in substance. The plaintiff cannot contradict the officer's return. The main facts upon which the plaintiff relies are directly contrary to the facts set forth in the officer's return. If the return is false, the proper method of procedure and remedy of the defendant is by suit against the officer for false return. The defendant cannot by plea in abatement attack the essential facts in a return. Gould's Pleadings, s. 135; *Yatter* v. *Pitkin & Miller,* 72 Vt. 255; *Slayton* v. *Chester,* 4 Mass. 478.

TAFT, C. J.  The defendant undertakes to impeach the officer's return, which is good on its face, by a plea in abatement, which is demurred to.

Nothing is better settled than that an officer's return is conclusive between the parties, except in a proceeding to set it aside. *Yatter* v. *Pitkin & Miller,* 72 Vt. 255, 47 Atl. 787. Mr. Gould says that a defendant cannot falsify such a return by plea in abatement, but must resort to his remedy against the officer, if it be false. Gould's Pl. c. V., s. 135.

In *Barr* v. *Satchwell,* 2 Stra. 813, a *scire facias* was returnable on the general return day, which was Sunday, and not served till the Monday. On affidavit whereof, Serjeant Whitaker moved to set it aside, the sheriff having returned a *scire feci. Sed per curiam:* "If there be a false return, the defendant will have his action against the sheriff. But we will not try the truth of the return on a motion to set aside the proceedings."

The defendant seeks to avoid this rule, the plaintiff objecting, by reason of a stipulation below that "no question shall be raised as to the form of the plea, but that the question for the court to consider shall be, whether, upon the facts set forth in the plea, there was a service of the writ." But this can-

not be. When the parties go into special pleadings, the rule is universal that they shall be confined strictly to the matters put in issue. *Campbell* v. *Hyde,* 1 D. Chip. 65. And when pleadings close in a demurrer, no fact can be treated as in the case that does not appear from the pleadings and is not admitted by the demurrer, though admitted on hearing. *Hartland* v. *Windsor,* 29 Vt. 354. Parties can, of course, submit a case on agreed facts; but those facts must be within the issue, for the court tries only such issues as the parties make by their pleadings. *Carpenter* v. *Welch,* 40 Vt. at p. 255.

A demurrer admits only such facts as are well pleaded, and therefore never admits an allegation that the pleadings show the party is estopped to make, for such an allegation is not well pleaded. Gould's Pl. c. IX. s. 25. Hence, the facts here alleged in contradiction of the return, not being well pleaded, are not admitted by the demurrer and cannot be considered.

*Judgment affirmed and cause remanded.*