HENRY SCHLITZ *v.* MANUFACTURERS AND MERCHANTS MUTUAL FIRE INSURANCE COMPANY.

October Term, 1922.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 14, 1923.

*Judgment—Pleading of Former Judgment in Bar to Subsequent Action—What Facts Can Be Considered in Review by Supreme Court When Pleadings End in Demurrer.*

1.   In order for a former judgment to constitute a bar to a subsequent action, the verdict on which judgment was rendered must have been on the merits, and where a plea in bar contained no allegations to that effect it was properly held to be insufficient.

2.   When pleadings end in a demurrer, and the case is before the Supreme Court on exception to the ruling sustaining the de-

murrer, no facts can be treated as in the case beyond those appearing in the pleadings and admitted by the demurrer.

ACTION OF CONTRACT on certain fire insurance policies. Plea in bar of a former adjudication in an action of contract between the parties. Demurrer to plea. Hearing on demurrer in vacation after the September Term, 1921, Windham County, *Fish,* J., presiding. Demurrer sustained and plea adjudged insufficient. The defendant excepted, and the case was passed to the Supreme Court before trial on the merits. The opinion states the case. *Affirmed and remanded.*

*Carney, Blake & Simonds* (Gardner, Mass.) for the defendant.

*Barber, Barber & Miller* for the plaintiff.

WATSON, C. J.  This is an action brought to recover on two fire insurance policies. The complaint consists of two general counts in assumpsit, each count being upon an insurance policy. The plaintiff filed with the writ, specifications as required by G. L. 1801. Defendant filed a plea in bar of former adjudication in an action of contract, brought by plaintiff against defendant on the 25th day of February, 1920, in which the plaintiff filed specifications of his claim, in all respects identical with the specifications filed in the instant case; that in the former suit the defendant filed its answer denying every material allegation in the plaintiff's writ and complaint, and issue having been joined thereon, the case came on for trial by jury at the April Term, 1921, of the same county court, and after the plaintiff had introduced testimony in support of his cause and rested his case, the court, on motion of the defendant, directed a verdict for the defendant and rendered judgment for defendant on such verdict, which judgment, never having been reversed or annulled, remains in full force; and further alleging that this suit is brought for the same cause of action as that upon which the former suit was brought and no other. It is apparent that plaintiff's reply to this plea was treated by the trial court as a demurrer, for the record states that said cause came on for hearing upon the pleadings, and after hearing arguments thereon, and upon considera-

tion thereof, said plea in bar was overruled, and an exception thereto allowed the defendant and the cause passed to the Supreme Court before trial on the merits.

[1]   In order for the former judgment to constitute a bar to the present action, the verdict ordered in that case, on which the judgment was rendered, must have been on the merits.   The plea in bar contains no allegations to that effect and consequently was properly held to be insufficient.   *Dunklee* v. *Goodenough,* 63 Vt. 459, 21 Atl. 494; *Jericho* v. *Underhill,* 67 Vt. 85, 30 Atl. 690, 48 A. S. R. 804.

[2]   In the briefs of counsel, questions outside the pleadings are argued, but they receive no consideration; for when pleadings end in a demurrer, and the case is before us on exception to the ruling sustaining the demurrer and holding insufficient the plea so challenged, no facts can be treated as in the case, beyond those appearing in the pleadings and admitted by the demurrer.   *Columbia Granite Co.* v. *Townsend & Co.,* 74 Vt. 183, 52 Atl. 432.

*Judgment affirmed and cause remanded.*