FARMERS BANK *v.* JOHN Q. WYATT *et al.*

*(Nashville,* December Term, 1930.)

Opinion filed July 1, 1931.

32

E. C. KNIGHT and E. D. WHITE, for plaintiff in error.

S. J. HAMBY and WORTH BRYANT, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

At the July term, 1929, of the Circuit Court of Overton County, plaintiff recovered a judgment against the defendants for $1317.05 and costs. July 30 execution issued returnable to the November term, 1929, and was delivered to the sheriff of Cumberland County. March 2, 1931, plaintiff entered a motion for a judgment against the Sheriff of Cumberland County and his bondsmen under section 5359 of Shannon's Code as follows:

"First. For an insufficient return of the execution in the words and figures following:

" 'Search made and nothing to be found in my county to make this execution. This November 1, 1929. B. C. Farmer, Sheriff.'

"Which return is wholly and totally insufficient and does not conform to the statutes.

"Second. For a false return in that said return appears to be dated November 1, 1929, signed by B. C. Farmer, Sheriff, whereas the return was not actually made until October 10, 1930.

"Third. For failing and not returning, and a false return by B. C. Farmer, Ex-Sheriff, of an execution issued on the 30th day of July, 1929, returnable to the November term, 1929."

The trial judge, upon authority of the Peebles case, Peck's Report, p. 196, and *Hill* v. *Hinton,* 2 Head, 127, held the return good and sufficient, and held extrinsic evidence inadmissible to establish its falsity. In so ruling the trial judge followed our cases of *Raines* v. *Childress,* 2 Humph., 448, *Howell* v. *Donaldson,* 7 Heisk., 206, *Ridgeway* v. *Bank,* 11 Humph., 523, and *Fussell* v. *Greenfield,* 1 Sneed, 443.

The return of an execution is a statement by the sheriff certified to the court under sanction of his official oath and responsibility of what has been done touching the execution of the writ according to its commands and requirements of the law. *Green* v. *Lanier,* 5 Heisk., 677; *Bank* v. *Barnes,* 10 Humph., 245.

When the process is brought into court with the official endorsement upon it as required by law, whether true or false, it is a return. *Harman* v. *Childress,* 3 Yerg., 327. The record shows a return in fact, sufficient in law, made to the term of court to which the sheriff was directed to return the execution.

Plaintiff contends that parole evidence, although inadmissible to dispute the record, should be heard to show a nonreturn by proof that the return shown by the record is false.

The rule that excludes extrinsic proof to falsify the record could not be avoided by an assertion or an allegation that what appears on the face of the record to be a due and proper return was in fact a nonreturn.

The remedy by motion given by statute for insufficient return, false return, or nonreturn of an execution is in its nature penal and is summary, so in construing the statute the courts have consistently held that as to all the facts which the officer had authority to certify the return became a part of the record and was not open to collateral attack and that both the returning officer as well as others interested are bound by the face of the return as shown by the record. *Hutton* v. *Campbell,* 10 Lea, 172; *McCully* v. *Malcom,* 9 Humph., 188.

Affirmed.