THE FIRST NATIONAL BANK OF SOUTH PITTSBURG, TENNESSEE v. J. P. TATE, Sheriff, et al.

Middle Section.   November 19, 1932.

Petition for Certiorari denied by Supreme Court, January 21, 1933.

Kelly & Kelly, of South Pittsburg, for plaintiff in error, First National Bank.

Tom C. Kelly, of Jasper, for defendants in error, J. P. Tate, Sheriff, et al.

CROWNOVER, J.   This summary proceeding by the bank against the sheriff of Marion County and his bondsman to recover the amount

of a judgment, $758.26, interest and penalty, was instituted by motion, upon notice, before a justice of the peace, under Shannon's Code, section 5979, for the failure of the sheriff and his deputy to make due return of an execution to the justice's court within thirty days after its issuance by the justice on a judgment in favor of the bank against James Anderson, J. F. Kelly and W. P. Grayson.

The sheriff died and the case was revived against his widow, administratrix, and the defendants set up three defenses: (1) The deputy sheriff's return showed on its face that it was returned within the time required, and extrinsic evidence was not admissible to contradict it. (2) The sheriff was sick and unable mentally and physically to attend to business, and shortly thereafter died. (3) The deputy was suffering from a gun shot wound and not able to attend to business, and had criminal warrants that required his time to serve, and therefore he did not have time to attend to this matter.

The justice rendered judgment for the bank, from which an appeal was had to the circuit court, where the case was tried by the court without a jury, and he dismissed the suit. The plaintiff appealed in error to this court and has assigned errors, which are, in substance, as follows:

(1) There is no evidence to support the judgment.

(2) The court erred in holding that the return was sufficient and was made within the time required by law, and in dismissing the suit.

(3) The court erred in excluding as extrinsic evidence the entry on the justice's docket contradicting the return.

(4) The court erred in holding that the disabilities of the sheriff and his deputy were sufficient to excuse the delay in the return, and in admitting evidence of their disabilities as the disabilities and sickness were not relied upon or set out as an excuse in the return of the execution.

(5) The court erred in making his opinion a part of the record in this case as no request was made in writing.

The bank had obtained a judgment for $758.26 against James Anderson and others on August 8, 1931, and on August 24, 1931, an execution was issued and delivered to Sheriff Tate, who was sick, and he turned the same over to his deputy, Layne, who made the following entry and return thereon:

"Came to hand Sept. the 8, 1931, and search made 14 and 22 and nothing to be found subject to make levy on this 22 day of Sept.

E. H. LAYNE, D. S."

The evidence shows that the sheriff was seriously sick and not able mentally or physically to attend to business, and he delivered the execution to his deputy who had not recovered from a gun shot

wound, but was attending to business although disabled to some extent. He made his said return on September 22nd, and placed the same in an envelope addressed to the justice and instructed his children to mail it, and went away to apprehend a criminal for whom he had a criminal warrant. On his return home he later ascertained that the letter containing the execution was not mailed. The justice lived some twenty miles away from his home, and he delivered the execution to the justice after the thirty days had expired.

A copy of the justice's docket, including the judgment, and entries concerning the return of the execution, were filed by agreement subject to exception, which agreement is, in part, as follows:

"Counsel for the defendant admits that these are true and correct records of said court, and that Esq. Patton was duly qualified as a justice of the peace at the time of the entry of the judgment, the issuance of the execution and the return thereof and that the records of his said Court as it shows the facts are true and correct."

The copy of the docket shows that judgment was entered August 8, 1931; that execution was issued on August 24, 1931, and "returned by L. Lane, 9/26/31." The original execution and the return thereon as above set out was also filed by agreement.

The substance of said agreement is that the facts concerning the judgment and entries are true and correct, as set out, but the defendants excepted to their introduction as evidence, and they were excluded by the court for the reasons set out in his opinion.

We are of the opinion that the first three assignments of errors must be overruled as the officer's return cannot be collaterally attacked on motion for summary remedy. If the sheriff's return be false the plaintiff's remedy is by an action on the case for a false return, and not by motion. McBee v. State, Meigs' Rep., 123; Baxter v. Erwin, 1 Shan. Cases, 113; Hutton v. Campbell, 10 Lea, 170; Raines v. Childress, 2 Humph., 448; Pratt v. Phillips, 1 Sneed, 543; Shannon's New Code, sec. 5359, note 25; 3 Freeman on Executions (3 Ed.), sec. 364.

"In a proceeding to obtain a judgment by motion against a sheriff and his bondsmen for insufficient return, false return or nonreturn, *nothing but the face of the return may be looked to*, extrinsic evidence not being admissible in this summary proceeding to contradict a return which is regular on its face." Farmers Bank v. Wyatt, 163 Tenn., 31, 40 S. W. (2d), 402.

In the latter case the return was, "Search made and nothing to be found in my county to make this execution. This November 1, 1929. B. C. Farmer, Sheriff." It was insisted the return was insufficient, and that it was false, in that, said return was dated November 1,

1929, when in fact it was not actually made until October 10, 1930. But the court held that the return was not open to collateral attack by extrinsic evidence.

Where there is a conflict between the return and the clerk's certificate as to the time of filing, the return prevails. 23 C. J., 805; Gilson v. Parkhurst, 53 Vt., 384.

We are of the opinion that the fourth assignment, to the effect that the court erred in holding that the defendants could rely on the sickness and disabilities of the sheriff and his deputy, is well made for the reason that such disabilities were not set out and relied upon in the return.

> "The party for whose benefit the execution issues is entitled to know why an officer fails to obey it. Such officer ought not and will not be allowed to return the writ with the endorsement of one reason for a failure to obey, and then rely upon another and wholly different one; he must rely upon the issue his return tenders, and must not be permitted to resort to another to cover misconduct in office, and protect himself against the penalty denounced by the law." Perdue v. Dodd, 1 Lea, 713.

The fifth assignment, that the court erred in permitting his opinion to be copied into the record, is not well made and must be overruled. Under our chancery practice the chancellor is required to make and file written findings of fact which become a part of the record. Code, sec. 10620-10621. But this section does not apply to law cases tried in the circuit court. And in the absence of a statute or a rule of the court the opinion of the trial court in law cases is no part of the record on appeal unless made such by an order of the court. Facts which appear only from the trial court's opinion will not be considered on appeal, but it is not reversible error, however, to make a written opinion of the judge of the trial court a part of the record in the case; nor will a motion to strike it out be allowed even though the opinion is not an essential part of the record. 4 C. J., 103-5, secs. 1708-9. In fact, we are of the opinion that it is a commendable practice for the trial court to give reasons for the faith that is in him, and where his opinion is ordered to be made a part of the record it is the duty of the clerk to copy the same into the transcript of the record on appeal. Acts of 1903, ch. 35. It is the duty of the clerk of the trial court to copy into the transacript of the record all papers filed in the case unless counsel for the parties designate the parts to be copied. Smartt v. Woodlee, 5 Tenn. App., 59; Caruthers History of a Law Suit (5 Ed.), 331.

Our action in sustaining the fourth assignment of error is not determinative of the case, and the other assignments of error having

466

been overruled, it results that the judgment of the lower court overruling the motion and dismissing the proceeding, must be affirmed. The cost of the cause including the cost of the appeal is adjudged against plaintiff in error and the sureties on its appeal bond.

Faw, P. J., and DeWitt, J., concur.