IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, February 3, 2003

## CARLOS JEROME CASTILLION v. SARAH SNODGRASS CASTILLION

**Direct Appeal from the Circuit Court for Hamilton County, Division II**
**No. 99-D-1241      Hon. Samuel H. Payne, Circuit Judge**

_____FILED MARCH 13, 2003_____

**No. E2002-01310-COA-R3-CV**

_____

In this divorce case, the husband questions on appeal the valuation of marital property and distribution made by the Trial Court. We affirm the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Alan R. Beard, Chattanooga, for Appellant.

William H. Horton, Chattanooga, for Appellee.

**OPINION**

In this divorce action, the parties were declared divorced on May 23, 2000, and the property issues were referred to the Hamilton County Clerk and Master on September 27, 2001. After taking evidence, the Master reported to the Court and found that the wife earned two thirds of the money brought into the marriage and the husband earned one-third. Further, that the Calhoun Avenue property had a value of $107,000.00. As to the income tax liability, the Master recommended that it be equally split between the parties, and that the cost of the appraisal for the Costello valuation should likewise be equally split between the parties.

The husband objected to the Master's findings, but his objections were overruled,

(except for the correction of a mathematical error). The Master's Report was approved by the Trial Court and incorporated in the Court's Judgment.

These issues are raised on appeal:

1.    Whether the trial court erred in accepting the Master's finding that the Calhoun building was worth $107,000?

2.    Whether the trial court erred in determining that the joint federal income tax liability should be divided equally, when wife earned more than husband?

3.    Whether the trial court erred in accepting the Master's ruling that the $2500 cost of the business valuation by Costello should be equally divided between the parties?

4.    Whether wife is entitled to her attorney's fees on appeal?

It is well-settled that the valuation of an asset is a question of fact to be determined by considering all of the evidence presented. *Kinard v. Kinard*, 986 S.W.2d 220 (Tenn. Ct. App. 1998). We are required to presume that the Trial Court's valuations are correct unless the evidence preponderates otherwise. *Id.*[1] When the evidence of the valuation varies as to value, the court is free to assign a value that is within the range of evidence submitted. *Koch v. Koch*, 874 S.W.2d 571 (Tenn. Ct. App. 1993); *Brock v. Brock*, 941 S.W.2d 896 (Tenn. Ct. App. 1996).

There were two appraisals offered on the Calhoun Avenue property. The first was an appraisal prepared for the purpose of refinancing, which set the value at $87,500.00. The second was an appraisal for use at trial, and that appraisal established the value at $107,000.00. The Master found the latter appraisal to be more reliable because of the method used, and because it was not done simply for the purpose of refinancing. While the husband argues this appraisal should not have been accepted, because it was made a year after the date of divorce, the appraiser testified at trial that his opinion would not have been any different had the appraisal been done earlier, because the comparable sales he used were made prior to the appraisal date.

The Trial Court's acceptance of the Master's findings is reinforced by further evidence, and both parties testified the purchase price of the building was greater than the value set by the prior appraisal, and at least $20,000.00 in repairs had been made after the purchase. This issue is without merit.

The husband argues that the wife should be liable for a greater percentage of the

_____

[1]While the Circuit Judge designated the Clerk and Master as a Special Master, the standard of review set forth in Tenn. Code Ann. § 27-1-113 does not apply to law cases filed in circuit court. *See First National Bank v. Tate*, 15 Tenn. App. 462 (1932).

parties' joint income tax liability, since she earned a greater income. As with any joint debt, the court is required to apportion this tax liability equitably. We have previously explained:

> Courts should apportion marital debts equitably in much the same way that they divide marital assets. When practicable, the debts should follow the assets they purchased.
>
> Courts should consider the following factors when they divide marital debts: (1) which party incurred the debt and the debt's purpose, (2) which party benefitted from incurring the debt, and (3) which party is best able to assume and repay the debt.

*Mondelli v. Howard*, 780 S.W.2d 769, 773 (Tenn. Ct. App. 1989). Moreover, trial courts have wide discretion in the allocation of marital assets and debts. *See Fisher v. Fisher*, 648 S.W.2d 244 (Tenn. 1983); *Houghland v. Houghland*, 844 S.W.2d 619 (Tenn. Ct. App. 1992).

The tax liability was incurred due to the incomes of both parties, and while the Court found that wife earned more income, the Court also found that wife had taxes withheld at a higher percentage, and that no tax was paid on the income from the Calhoun Avenue building which the husband's business leased from the parties. Both parties benefitted from the joint incomes earned, and both parties have the means to pay the tax liability. We cannot simply look at this particular debt in isolation, but must look to the Trial Court's allocation of the entire marital estate The Trial Court's distribution was equitable, and is supported by the evidence. This issue is resolved against the appellant.

Husband further argues that it was error for the Trial Court to require husband to pay half of the cost of the Costello business valuation, because husband had already paid his own accountant to value the business. The Trial Court found, however, that the business accountant was asked to perform the valuation without the wife's knowledge/consent, that the accountant was a personal friend of the husband's, and that wife was justified in questioning the value found by the accountant, because it was so much lower than what the husband told her the business was worth.

Again "Trial courts are afforded a great deal of discretion when considering whether to award costs. Absent a clear abuse of discretion, appellate courts generally will not alter a trial court's ruling with respect to costs." *Placencia v. Placencia*, 3 S.W.3d 497, 503 (Tenn. Ct. App. 1999). The evidence supports the Master's findings regarding the valuation performed by the business accountant, and thus the husband failed to show that the Court abused its discretion in ordering that the costs of the court-ordered valuation to be split equally.

Finally, wife argues that she should be awarded her attorney's fees incurred in defending this appeal, because the appeal was "frivolous or taken solely for delay." *See* Tenn. Code Ann. §27-1-122. A frivolous appeal has been defined as one "lacking in justiciable issues" or one which has "no reasonable chance of success". *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977). Carlos Jerome Castillion's Appellate Brief, concedes that the only issues before this

Court are "whether or not the valuation and division adopted by the Trial Court . . . represent a fair and equitable division of the parties' marital properties." Not a single case is cited as authority in the appellant's Brief supporting his arguments. Essentially, he argues that the evidence preponderates against the Trial Court's finding in face of the evidence, which clearly does not preponderate against the presumption accorded the Trial Judge. Since this appeal had "no reasonable chance of success," we remand for the Trial Court to establish a reasonable fee for the wife's attorney in representing the wife on appeal.

The cost of the cause is assessed to Carlos Jerome Castillion.


_____
HERSCHEL PICKENS FRANKS, J.