CUYAHOGA RIVER POWER CO. v. CITY OF AKRON et al.

(District Court, N. D. Ohio, E. D.   November 25, 1913.)

No. 192.

1. EMINENT DOMAIN (§ 84*)—CONDEMNATION PROCEEDINGS—CITY WATER SUPPLY—RIGHT PREVIOUSLY TAKEN—COMPENSATION.

Where complainant had appropriated the water of a stream for the operation of a hydroelectric plant, a city could not condemn any of the rights so secured by complainant without first paying due compensation therefor.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 227–230; Dec. Dig. § 84.*]

2. EMINENT DOMAIN (§ 63*) — WATER RIGHTS — APPROPRIATION — CITY ORDINANCES—EFFECT.

A city ordinance purporting to appropriate all the waters of a river from a specified point did not constitute an appropriation as against complainant, which had appropriated waters of the stream for hydroelectric plant, but merely directed the appropriation to proceed, and therefore did not destroy or affect any rights secured by complainant prior to actual condemnation and the payment of compensation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 161–164; Dec. Dig. § 63.*]

3. EMINENT DOMAIN (§ 67*) — APPROPRIATION — EXTENT — LEGISLATIVE QUESTION.

The extent to which property may be appropriated for public use is a legislative and not a judicial question.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 165–167; Dec. Dig. § 67.*]

4. JURY (§ 19*)—RIGHT TO JURY TRIAL—EMINENT DOMAIN.

An owner of property sought to be condemned for public use is not entitled to a jury trial on the question of appropriation, but only on the question of the amount of compensation to which he is entitled.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 104–133; Dec. Dig. § 19.*]

5. EMINENT DOMAIN (§ 169*)—WATER RIGHTS—CONDEMNATION FOR MUNICIPAL USE—ORDINANCE—RESOLUTION.

A city ordinance or resolution providing for the appropriation of the waters of a stream for municipal use is not objectionable for failure to directly recite a finding by the council that the appropriation was necessary, since the passage of the resolution or ordinance is equivalent to a recital that the necessity had arisen and had been declared and acted upon by the city council.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 461; Dec. Dig. § 169.*]

·*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. EMINENT DOMAIN (§ 68*)—NECESSITY OF APPROPRIATION—REVIEW.

Necessity of appropriation of the water of a stream for municipal purposes by a municipal corporation cannot be questioned except for collusion or fraud.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 168–170; Dec. Dig. § 68.*]

7. EMINENT DOMAIN (§ 47*)—RIGHT TO CONDEMN—MUNICIPAL CORPORATIONS— PROPERTY APPROPRIATED TO PUBLIC USE.

A municipality has a paramount right to appropriate property needed for city water supply, though it had been previously appropriated by a quasi public corporation for the development of hydroelectric power.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 107–120; Dec. Dig. § 47.*]

In Equity. Suit by the Cuyahoga River Power Company against the City of Akron, a municipal corporation, and others. On motion to dismiss bill. Granted.

Chapman, Howland & Niman, of Cleveland, Ohio, Frank & Ream, of Akron, Ohio, Davies, Auerbach & Cornell and Collin, Wells & Hughes, all of New York City, and Enslow, Fitzpatrick, Alderson & Baker, of Huntington, W. Va., for complainant.

Jonathan Taylor, City Sol., of Akron, Ohio, for defendants.

DAY, District Judge. A motion to dismiss the bill of complaint of the plaintiff has been filed by the defendant. This is a bill in equity brought by the plaintiff, a private corporation organized under the laws of Ohio, against the city of Akron, a municipal corporation of Ohio, seeking to have the defendant enjoined from constructing a dam upon the Cuyahoga river and from appropriating or diverting the waters of that river. No interlocutory order has been asked for by the complainant. The aid of this court is invoked upon the ground that this suit arises under the Constitution and laws of the United States.

The bill alleges the incorporation of the plaintiff, its purposes and various acts and proceedings which it has done and instituted. The purposes are, briefly, to develop hydroelectric power on the Cuyahoga river and to dispose of the same to various customers; and the acts and proceedings are the procuring and adoption of plans and surveys, the passing of certain votes, the determination to proceed with the construction of dams and reservoirs, the adoption of descriptions and development programs, and the commencement of proceedings in certain courts of Ohio to acquire certain rights on the river. It is alleged that, in procuring the plans and surveys, the plaintiff has been put to great expense and has caused some of its securities to be sold; that, by virtue of its organization and the various proceedings recited, the plaintiff has acquired a prior right and franchise to appropriate the necessary lands and waters and is substituted to the rights of certain riparian owners on the river "absolutely as to third parties and conditionally as to then holders of title." The bill then sets forth a portion of section 3677 of Page & A. Gen. Code of Ohio, par. 13, providing:

"For providing for a supply of water for itself and its inhabitants by the construction of wells, pumps, cisterns, aqueducts, water pipes, dams, reser-

voirs, reservoir sites and waterworks, and for the protection thereof, and to provide for a supply of water for itself and its inhabitants, any municipal corporation may appropriate property within or without the limits of the corporation; and for this purpose any such municipal corporation may appropriate in the manner provided in this chapter, any property or right or interest therein, theretofore acquired by any private corporation for any purpose by appropriation proceedings or otherwise."

Also section 3679 of the General Code of Ohio, providing in part:

"For waterworks purposes and for purposes of creating reservoirs to provide for a supply of water, the council may appropriate such property as it may determine to be necessary."

The bill then sets forth a resolution of the council of the city of Akron, declaring its intention to appropriate property for water supply purposes, and an ordinance of the city of Akron, passed by its council, to appropriate waters of the Cuyahoga river for purposes of public water supply for the city of Akron. The bill then alleges that the defendant has also committed certain acts in addition to the passage of this resolution and this ordinance, which, taken together with the statutes of the state of Ohio referred to in the bill, are in violation of article 1, § 10, of the Constitution of the United States, guaranteeing to plaintiff. that no state shall pass any law impairing the obligation of contracts, and also that by these various proceedings the defendant threatens to and has appropriated, without compensation, the property of plaintiff in violation of the fourteenth amendment of the Constitution of the United States in that it threatens to and has appropriated the property of plaintiff without due process of law, and denies to plaintiff the equal protection of the law.

It is not alleged that any lands or waters or water rights have been acquired or are owned by the plaintiff, with the exception that the bill does state that, by virtue of its organization and the various proceedings recited in the bill, the plaintiff has acquired a prior right and franchise to appropriate, and is substituted to the rights of certain riparian owners on the river absolutely as the third parties and conditionally as to then holders of title. The defendant is alleged not to be a riparian proprietor, not to require the waters of this river, that by its acts it threatens irreparable injury to the plaintiff.

The main question presented is whether a law which in terms gives to a municipal corporation, after paying compensation, the right to appropriate that which has already been appropriated, or which a private corporation intends to appropriate, deprives the private corporation of any right in which the Constitution of the United States protects it.

[1] The plaintiff contends that the city proposes to divert the waters of the river and is not able to pay damages. The statute in controversy plainly requires that compensation be made the plaintiff before the city can acquire the right to divert, and, if the city attempts to do so without compensation, it is quite plain that it may be enjoined in the courts of the state of Ohio for exceeding its lawful powers under the Ohio law. Even if the plaintiff has obtained a prior right by priority of action, the statutes of Ohio make it necessary that, before the city may take this right, it must compensate the plaintiff. The

plaintiff, under these statutes, can be deprived of nothing until it has been paid. It is contended that the defendant has already taken the waters described in the ordinance of the council.

[2] It does not appear that the appropriation is made merely by passing the ordinance, but it rather appears, from a consideration of these sections of the Ohio statutes, that the ordinance only directs the appropriation to proceed. No rights are acquired by the municipality until compensation is made in pursuance of a judgment of a court after the verdict of a jury. The ordinance of the city of Akron purporting to appropriate all the waters of the river from a certain point cannot destroy any right of the plaintiff; compensation must be made and the property taken after compensation. Should the resolutions, ordinances, and acts of the city of Akron amount to threats to take the property of the plaintiff, this would only mean that these various proceedings evidence an intention to appropriate these rights of the plaintiff, and this can only be done under the statutes of Ohio. In other words, anything that the defendant does affecting the property rights of the plaintiff it must pay for under the laws of Ohio now in force. Assuming that the ordinance of the city of Akron is adequate to accomplish the purpose for which it was passed, is the law, under which the city of Akron acted in passing the ordinance, contrary to the provisions of the fourteenth amendment of the Constitution of the United States? The plaintiff contends that it is contrary to those provisions, because it provides for no judicial determination of the extent to which the appropriating power may be exercised.

[3] That the determination of this matter is a legislative and not a judicial question has been frequently held by the courts.

[4] It is not upon the question of appropriation of lands for public use but for compensation of lands so appropriated that the owner is entitled to a hearing in court and the verdict of a jury. Zimmerman v. Canfield, 42 Ohio St. 463, 471; Chandler v. Railroad Commissioners, 141 Mass. 208, 5 N. E. 509; Secombe v. Railroad Co., 23 Wall. 108, 23 L. Ed. 67; State v. Jones et al., 139 N. C. 613, 52 S. E. 240, 2 L. R. A. (N. S.) 313; Dillon on Municipal Corporations (5th Ed.) § 1036; Lewis on Eminent Domain, § 567; Cooley on Constitutional Limitations, pp. 759, 760; Kaw Valley Drainage District v. Water Co., 186 Fed. 315, 108 C. C. A. 393; People v. Adirondack Co., 160 N. Y. 225, 54 N. E. 689.

[5] In the resolution and ordinance passed by the city council for the appropriation of property, it is not necessary that any finding be directly made by the council on the necessity of the appropriation, nor is the property owner entitled to a hearing on this question, as the passage of the resolution or ordinance is equivalent to an averment that the necessity had arisen and had been declared and acted upon by the council. Zimmerman v. Canfield, 42 Ohio St. 463, 471; Dillon on Municipal Corporations, § 1037; Young v. St. Louis et al., 47 Mo. 492.

[6] Nor can the necessity of appropriation of property by a municipal corporation be questioned except for collusion or fraud. Pansing v. Miamisburg, 79 Ohio St. 430, 87 N. E. 1139, 11 Cir. Ct. R. (N. S.) 511.

It must be borne in mind that, in the case of the appropriation of property by a private corporation, one of the preliminary questions to be found by the court is "the necessity for the appropriation." Ohio Page & A. Gen. Code, § 11,046. The law is different as to a municipal corporation. In the case of a municipal corporation, appropriating property for a street crossing the right of way of a railroad company, the railroad company may go into court in an independent action for injunction and litigate the question of whether the proposed street "will not unnecessarily interfere with the reasonable use of the property so crossed by such improvement"; and they may go into court on this question only because the statute specially makes it a preliminary and judicial question. Gen. Code of Ohio, § 3677, par. 1. As to all other cases of municipalities appropriating property, no such requirement is made by the statute, and therefore no judicial question arises until we arrive at the stage of fixing the compensation.

It is contended that the city of Akron is unable to pay for the property when appropriated. If this be so, then, under the law of Ohio, the property of the plaintiff can never be taken by the city of Akron, and the plaintiff cannot in any way be interfered with by this defendant. It is contended that the defendant has taken rights or property of the plaintiff and has manifested an intention to interfere with the exercise of certain rights and property. These rights, as claimed by the plaintiff, appear to be certain rights which the plaintiff says it has acquired by virtue of its incorporation and organization, the making of surveys, the adoption of plans and programs by action of its directors, and the institution under the laws of the state of Ohio of certain proceedings for appropriation; it claiming that it has appropriated property absolutely as against this defendant, and conditionally as against the holders of title thereto. The Constitution of Ohio, art. 1, § 19, provides that, before property is taken for public use, compensation shall first be made. There is no allegation that the plaintiff has taken property in this manner. A consideration of sections 11,042, 11,046, 11,057, 11,059, 11,065, 11,068, 11,070, 11,072 of the Ohio General Code indicates that no property is appropriated and no rights acquired under this Ohio law until compensation is made in pursuance of a judgment of a court after the verdict of a jury.

[7] The plaintiff is a private hydroelectric corporation organized under the general laws of Ohio; having been granted its charter it had the right to be a corporation; and, except so far as limited by law, it had the right to proceed or not, as it saw fit, by appropriation or otherwise with the accomplishment of the purposes which it has itself declared. It was not by virtue of its incorporation or by virtue of its franchise bound to carry out its scheme of development. A large number of cases have been cited in support of the doctrines that, by virtue of its adoption of plans, the company has thereby acquired a right to appropriate the property of others included in this plan, and that this right has thereby acquired a priority over all others, except the state acting directly upon this property. This might be true as between private corporations; but as between a private corporation vested with the right of eminent domain for the carrying out of the purposes of a quasi public nature and the subdivision of a sovereign state, like a mu-

nicipal corporation, which exercises the power of eminent domain to carry on the vital needs of its population for a supply of water for domestic purposes, this priority cannot exist. The municipality is giv-. en a paramount right to appropriate property needed for that purpose, although the same property has become the subject of earlier appropriation proceedings by a private corporation.·

It is eminently just that it should not be otherwise. The right given is proportionate to the need and must be effective. The action of the city of Akron was for the commendable purpose of supplying its inhabitants with pure water; the purpose of the plaintiff corporation was to conduct its hydroelectric operations for gain. The bill presents no federal question. If the defendant takes any property of the plaintiff, it may do so under the statutes of Ohio, and no statute is before this court which violates any provision of the federal Constitution.

If any of these laws are violated by the defendant, the plaintiff has a full, adequate, and complete remedy in the courts of Ohio.

The motion to dismiss the bill will be sustained.