VERMONT HYDRO-ELECTRIC CORPORATION *v.* JAMES C. DUNN
ET AL.

May Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 8, 1921.

*Eminent Domain—Condemnation of Property Devoted to Public Use for Another Public Use—Exempt from Condemnation Under General Legislative Authority—Rule As to Public Use Exempting from Condemnation—Question of Fact— When Power to Condemn Inferred—Demurrer Not Aided by Facts Not Alleged—Judicial Notice of Geographical Features—Presumption That Land Devoted to Public Use*

*Is Not to Be Condemned—Burden of Establishing Implied Power to Condemn—Municipality with Power to Condemn Stands Before Court Like Private Corporation—Greater Resulting Benefit.*

1. Property already legally appropriated to a public use cannot be taken for another public use without legislative authority expressly given or necessarily implied.

2. If an owner has devoted property to a public use which he is under a legal obligation to maintain, it is exempt from condemnation under general legislative authority, although it was not acquired by eminent domain.

3. Property is appropriated to a public use, so as to be exempt from condemnation for a different public use under general authority, when used in immediate and necessary connection with a public trust, or when acquired by a public service corporation for a necessary purpose pertaining to its franchise and held in reasonable anticipation of its future needs, with a *bona fide* intention of using it for such purpose within a reasonable time.

4. Whether a public service corporation's property sought to be condemned is reasonably necessary to a proper discharge of its legal obligation to the public, and that it in good faith intends to use the property for such purpose without unreasonable delay, are largely questions of fact to be inferred from the circumstances under which the property is held.

5. Facts alleged by a power company in a bill to enjoin a city from condemning certain of its water rights for a city water supply *held* sufficient to *prima facie* establish that such water rights were already devoted to a public use.

6. The general rule is that when the only land available for a particular public work specifically authorized by the Legislature is already devoted to a public use, the power to take such land under a general power of condemnation will be inferred, but not otherwise.

7. A demurrer to a bill cannot be aided by facts not appearing on the face thereof; as matters of defence they must be shown either by plea or answer.

8. While judicial notice will be taken of the chief geographical features of the State, facts of a limited public interest, as the

topography of a certain locality, fall outside the range of judicial knowledge.

9. Where the language of a statute conferring the right of eminent domain is general, it will be presumed, in the absence of some necessary implication to the contrary, that it was not intended that land already devoted to one public use should be taken for another.

10. The burden is on one claiming a statutory power of eminent domain conferred by necessary implication to establish it.

11. A municipal corporation having the right of eminent domain stands no differently before the courts than a private corporation clothed with the same right, except that the municipal corporation, when so authorized, may take land devoted to a public use, and apply it to the same use, which the private corporation cannot do.

12. The same rules of construction apply to statutes giving general power of eminent domain whether the grantee is a private or a municipal corporation.

13. A city given general authority to condemn water rights to increase its water supply has no superior right to the water rights of a power company already devoted to a public use, because of the greater resulting benefit to the public through its acquisition of such rights.

APPEAL IN CHANCERY. Bill to enjoin the defendants, who are the mayor and aldermen of the city of Rutland, from further prosecuting proceedings to condemn certain water rights owned by the plaintiff for the purpose of increasing the city's water supply. Heard on the defendants' demurrer to the plaintiff's bill after the September Term, 1919, Rutland County, *Fish*, Chancellor. Decree overruling the demurrer, taking the bill as confessed, and perpetually enjoining the defendants from further conducting or prosecuting said condemnation proceedings. The defendants appealed.

*Leonard F. Wing* and *Walter S. Fenton* for the defendants.

*Lawrence, Lawrence & Stafford* for the plaintiff.

TAYLOR, J. This bill is brought to restrain the defendants, who are the mayor and aldermen of the city of Rutland, from

further prosecuting proceedings by which the city is seeking to condemn certain water rights owned by the plaintiff for the purpose of increasing its water supply. The cause was heard below on demurrer to the bill, and resulted in a decree for the plaintiff from which the defendants appeal.

Briefly, the case stated is in substance this: The plaintiff is a public service corporation organized under the general laws of the State with the power of eminent domain, and authorized, among other things, to build hydro-electric plants, to generate, distribute, and supply electricity to the public and to acquire necessary water rights for that purpose. It owns and operates several hydro-electric plants by means of which it is supplying electricity to municipalities, corporations, and individuals for power, lighting, and heating purposes in some twenty towns in this State. Demands are made upon the plaintiff for electric current throughout the territory served by it greatly in excess of the amount it can generate with present facilities; and in order to supply the demands so far as possible the plaintiff is now purchasing large quantities of electricity from others, which it intends to and should, in the proper conduct of the business, replace as soon as possible with electricity generated at its own hydro-electric plants. To meet these demands it is necessary as soon as possible for the plaintiff to construct hydro-electric plants to use for generating electricity all the water power it now owns, which it has already been authorized to do by the Public Service Commission. The plaintiff owns water and flowage rights and other interests in land of great value along the north branch of Cold River in the towns of Mendon and Shrewsbury, recently acquired pursuant to the orders of the Public Service Commission, which it intends to use in the construction of a hydro-electric plant generating large quantities of electricity and of especial value to the plaintiff because of its location with reference to transmission lines and other plants which it owns or controls. The electricity generated at such plant when constructed is to be used for public purposes within the State. The proceedings sought to be restrained were commenced on December 16, 1919, about two months after the plaintiff acquired the rights in the north branch of Cold River. The defendants propose thereby to take the water rights of the plaintiff in Cold River by power of eminent domain and to divert the waters thereof for the purpose of an additional water supply

for the city of Rutland.  The right to condemn the water is denied on the ground that the property sought to be so taken is owned and held by the plaintiff for a public use; and it is asserted that the proceedings to take the same are contrary to law and an invasion of the plaintiff's rights, which if persisted in will cast a cloud upon its title and cause it great and irreparable damage without any adequate remedy at law.

Three grounds of demurrer are assigned which are briefly as follows:  (1) For that the defendants are authorized by statute to take the water rights described in the bill for the purpose contemplated; (2) for that the property in question is not now devoted to a public use, mere intent to do so in the future being insufficient in law to exempt the property from condemnation for the purposes of the municipality; (3) for that the use to which the city of Rutland proposes to devote the property is of so much greater comparative importance and more general public benefit than that to which it is alleged the plaintiff intends to devote it that the city has the superior right.

The charter of the city of Rutland vests the administration of all municipal affairs in the city council consisting of the mayor and board of aldermen.  The powers of the city council with respect to the taking of land, etc., for purposes of a water supply, are found in No. 277, Acts of 1915, amending the charter of the city.  Therein the council is authorized among other things to provide a supply of water for the protection of the city against fire and for the use of its inhabitants, and from time to time to increase such supply.  It is provided that in the exercise of the powers enumerated the city ''may purchase and take, within or without its corporate limits, lands, springs, streams and water rights of individuals and corporations, and divert waters from natural channels into its water supply, on making compensation therefor.''  It is recognized by the defendants that the power of eminent domain thus granted to the city is general in character.  No question is made by the plaintiff but that ordinarily such a general delegation of power would be sufficient to enable the city council to take lands, etc., for the purposes of the city's water supply.  As already appears, the proceedings are resisted by the plaintiff solely on the ground that the property which the defendants are undertaking to condemn is already devoted to a public use, placing it beyond the reach of the city in the proper exercise of the power conferred

by its charter. In logical order the second ground of the demurrer, which challenges this position, is first for consideration.

[1, 2] It is the settled law of this State that property already legally appropriated to a public use cannot be taken for another public use without legislative authority expressly given or necessarily implied. *Rutland-Canadian R. Co. v. Central Vt. Ry. Co.*, 72 Vt. 128, 133, 47 Atl. 399; *Rutland Ry., etc., Co. v. Clarendon Power Co.*, 86 Vt. 45, 50, 83 Atl. 332, 44 L. R. A. (N. S.) 1204. To bring property within the immunity from condemnation under general legislative authority it is not necessary that it be acquired by eminent domain. If its owner has devoted it to a public use which he is under a legal obligation to maintain, it comes within the protection of the rule. 2 Nichols on Em. Dom., § 364; 2 Lewis on Em. Dom. (3d ed.) § 443; *Rutland Ry., etc., Co. v. Clarendon Power Co.*, *supra; Barre R. Co. v. Montpelier & W. R. R. Co.*, 61 Vt. 1, 17 Atl. 923, 4 L. R. A. 785, 15 A. S. R. 877; *In re Saratoga Ave.*, 226 N. Y. 128, 123 N. E. 197. And it is not necessary that the property be actually in use for the public purpose to exempt it from the proceeding. In other words, it may be appropriated or devoted to a public use within the law of eminent domain without being actually put to such use. *Rutland Ry., etc., Co. v. Clarendon Power Co.*, *supra; In re Newport Ave.*, 218 N. Y. 274, 112 N. E. 911; *New Haven Water Co. v. Wallingford*, 72 Conn. 293, 44 Atl. 235. But a mere voluntary assumption of public service which may be abandoned at any time does not carry with it the privilege of exemption. The test whether land is held for a public use such as will exempt it from condemnation is said not to be what the owner does or may choose to do but what under the law he must do, and whether a public trust is impressed upon it. A corporation does not so hold its property impressed with a trust for the public use unless its charter or the general law puts that character upon it so that it cannot be shaken off. *In re New York., etc., Ry. Co.*, 99 N. Y. 12, 1 N. E. 27. While land kept by a corporation bound by law to serve the public in reasonable anticipation of future needs cannot be seized for a different public use under general authority, land held for purposes other than those pertaining to its franchise may be taken as freely as from a private individual. 2 Nichols on Em. Dom., § 364, and cases there cited. The element of necessity plays an important part in the determination of the question. While

liberal consideration should be given to the future as well as the existing needs of the corporation, the exemption will not extend to property held for future use upon the mere possibility that it may at some future time become necessary to the exercise of its corporate franchise. Reasonable expectation of future needs is required to protect the property from condemnation. *Scranton Gas & Water Co.* v. *Delaware, etc., R. Co.*, 225 Pa. 152, 73 Atl. 1097; *Goldfield, etc., Pr. Co.* v. *Old Sanstorm, etc., Mining Co.*, 38 Nev. 426, 150 Pac. 313; *Cincinnati, etc., R. Co.* v. *Village of Belle Center*, 48 Ohio St. 273, 27 N. E. 464; 20 C. J. 601. The court must deal with conditions that exist at the time condemnation is asked. *Kansas, etc., R. Co.* v. *Northwestern, etc., Coal Co.*, 161 Mo. 288, 61 S. W. 684, 51 L. R. A. 936, 84 A. S. R. 717. Nor is the exemption indefinite in point of time, but the property must be subjected to the use for which it is held within a reasonable time. *Denver Power, etc., Co.* v. *Colorado, etc., R. Co.*, 30 Colo. 204, 69 Pac. 568, 60 L. R. A. 383; *East Hartford Fire Dist.* v. *Glastonbury Pr. Co.*, 92 Conn. 217, 102 Atl. 592.

[3] The general rule to be gathered from the authorities is that property is devoted to or held for a public use, so as to be exempt from condemnation for a different public use under general authority, when used in immediate and necessary connection with a public trust, or when acquired by a public service corporation for a necessary purpose pertaining to its franchise and held in reasonable anticipation of its future needs, with a *bona fide* intention of using it for such purpose within a reasonable time. For additional cases see *State* v. *Superior Court*, 84 Wash. 20, 145 Pac. 999, 149 Pac. 324; *State* v. *Superior Court*, 94 Wash. 691, 163 Pac. 15; *St. Louis, etc., R. Co.* v. *Belleville City Ry. Co.*, 158 Ill. 390, 41 N. E. 916; *Rochester, etc., R. Co.* v. *Babcock*, 110 N. Y. 119, 17 N. E. 678.

[4, 5] It follows that to sustain the plaintiff's claim that the property in question is held devoted to a public use, it should appear that it is reasonably necessary to a proper discharge of the plaintiff's legal obligation to the public, and that in good faith it intends to use the property for such purpose without unreasonable delay. These are largely questions of fact to be inferred from the circumstances under which the property is held. *Chicago, etc., Elec. R. Co.* v. *Chicago, etc., R. Co.*, 211 Ill. 352, 71 N. E. 1017. The cases relied upon by the de-

fendants are consistent with this rule; indeed, some of them are cited in support of the basic propositions. It will be seen that the rule does not permit the plaintiff to obstruct necessary public improvements by holding these water rights for an indefinite time, but requires guaranties of a consummation of its plans to put them to the public use within a reasonable time. We think the facts alleged afford a sufficient basis of a *prima facie* case for the plaintiff on this issue. In view of the fact that as a public service corporation the plaintiff is required by law to furnish reasonably adequate service to the public (G. L. 5063), and as to this is subject to the reasonable orders of the Public Service Commission (G. L. 5061), the allegations as to the necessities of the public, which are present, and its intention to employ the property to supply those needs bring it within the protection of the rule. The defendants' argument overlooks the fact, admitted by the demurrer, that it is necessary as soon as possible for the plaintiff to construct hydro-electric plants to use for generating electricity all the water power it now owns. The claim that it should be made to appear that the plaintiff could not conduct its business unless it retains these rights is not tenable. It sufficiently appears that the proposed taking would wholly destroy the Cold River development; and the plaintiff, having the prior right to use the water for a public service, cannot be compelled to give it up without legislative authority because it is not indispensable to its general purposes.

We come to the question raised by the first ground of the demurrer, whether authority to take the property sought to be condemned is conferred by the charter of the city. Confessedly it is not unless by necessary implication. There is nothing in the language of the act from which it can be implied that the Legislature intended to give the city of Rutland authority to take the particular source of water supply in question here. The defendants recognize this but rely upon the claim that the authority is necessarily implied from the power granted in view of the attending circumstances. The law of the subject is well settled and is quite fully considered in *Rutland-Canadian R. Co.* v. *Central Vt. Ry. Co.*, 72 Vt. 128, 133, 47 Atl. 399.

[6] The rule generally recognized is that when the only land available for a particular public work specifically authorized by the Legislature is already devoted to a public use, the power to take such land will be inferred, but not otherwise. 2

Nichols on Em. Dom., § 363; 10 R. C. L. 198; *Old Colony R. Co.* v. *Framingham Water Co.*, 153 Mass. 561, 27 N. E. 662, 13 L. R. A. 332; *Pittsburgh, etc., R. Co.* v. *Sanitary Dist. of Chicago*, 218 Ill. 286, 75 N. E. 892, 2 L. R. A. (N. S) 226. The legislative intent has to be arrived at by applying the enactment to the subject-matter. Such implication never arises except as a necessary condition to the beneficial enjoyment and efficient exercise of the power expressly granted. It is not enough that the property sought to be taken will be a convenience to the party seeking to appropriate it; but the necessity must be actual, must clearly appear, and must arise from the nature of things over which the party desiring to take has no control. 20 C. J. 603.

[7] In their attempt to bring the case within this rule the defendants are forced to rely upon facts outside the record of which it is said the Court will take judicial notice. We are asked to take into account the geography and topography of the section of the State in the vicinity of Rutland, from which it is claimed that no other suitable water supply is available to the city; and it is argued therefrom that the power granted necessarily carried with it the implied authority to condemn the property in question. The defendants are unmindful of the fact that the matters relied upon are not available to them on demurrer. The purpose of a demurrer being to test the sufficiency of the bill, it must be based exclusively on matters apparent on the face thereof. In general, a demurrer is applicable to any defence which may be made out from the allegations of the bill; but if the matter of defence is not apparent on the face of the bill, the defendant must show it either by plea or answer. It is not available on demurrer. A demurrer based on extraneous facts which it seeks to import into the record is bad as a speaking demurrer. 21 C. J. 432; 10 R. C. L. 465; *Stewart* v. *Masterson*, 131 U. S. 151, 33 L. ed. 114, 9 Sup. Ct. 682; 1 Dan. Ch. Pl. & Pr. 612; *United States* v. *Forbes* (D. C.) 259 Fed. 585. It has been held that a demurrer is not aided by facts not appearing in the pleadings, even though conceded at the hearing. *Hartland* v. *Windsor*, 29 Vt. 354. See also *Columbian Gr. Co.* v. *W. C. Townsend & Co.*, 74 Vt. 183, 52 Atl. 432.

[8] In view of the disposition to be made of the case it seems advisable to observe that there may be grave doubt whether a court could take judicial notice of the facts relied upon by the defendants, even if proper to be considered on demurrer. True,

in a proper case, notice can be taken of matters of general knowledge within the court's jurisdiction (*Bishop* v. *Readsboro Chair Co.*, 85 Vt. 141, 153, 81 Atl. 454, 36 L. R. A. [N. S.] 1171, Ann. Cas. 1914 B, 1163) ; and the Court will so notice the chief geographical features of the State. *Boutwells* v. *Champlain Realty Co.*, 89 Vt. 80, 86, 94 Atl. 108, Ann. Cas. 1918 A, 726. But the rule has its limitations as shown in the case last cited. It has been held that facts of a limited public interest, as the topography of a certain locality, fall outside the range of judicial knowledge. 1 Cham. on Ev. § 651; 1 Whitehouse Eq. Pr. 562; *Wilcox* v. *Jackson*, 109 Ill. 261.

[9, 10]   It should also be noticed that where the language of the statute conferring the right of eminent domain is general, it is presumed, in the absence of some necessary implication to the contrary, that it was not intended that land already devoted to one public use should be taken for another. *Board of Water Com'rs* v. *Johnson*, 86 Conn. 151, 84 Atl. 727, 41 L. R. A. (N. S.) 1024. As the defendants rely upon the claim of legislative authority conferred by necessary implication, theirs is the burden of establishing it. *Western Union Tel. Co.* v. *Burlington Trac. Co.*, 90 Vt. 506, 516, 99 Atl. 4, Ann. Cas. 1918 B, 841.

[11-13]   Under their third ground of demurrer the defendants claim that the city of Rutland has a superior right to the waters because of the greater resulting benefit to the public. Whatever the merit of the argument in this behalf, it presents a question for the Legislature, and not for the courts. A municipal corporation having the right of eminent domain stands no differently before the courts than a private corporation clothed with the same right, except that the municipality may, when so authorized, take land devoted to a public use, and apply it to the same use, which the private corporation cannot do. *Armington* v. *Barnet*, 15 Vt. 745, 40 A. D. 705; *West River Bridge Co.* v. *Dix*, 16 Vt. 446; s. c., 6 How. 507, 12 L. ed. 535; *Long Island Water Sup. Co.* v. *Brooklyn*, 166 U. S. 685, 41 L. ed. 1165, 17 Sup. Ct. 718; 2 Nichols on Em. Dom. § 353. The same rules of construction apply to statutes giving general power of eminent domain whether the grantee is a private or a municipal corporation. *City of Moline* v. *Greene*, 252 Ill. 475, 96 N. E. 911, 37 L. R. A. (N. S.) 104. While the point here raised has seldom been brought in question, the reports are full of illustrative cases, showing that such a distinction as the defendants claim is

not generally recognized. See 10 R. C. L. 169; note, Ann. Cas. 1913 E, 163, where many cases are collected. The defendants find support for their position in *Cuyahoga River Pr. Co.* v. *City of Akron* (D. C.) 210 Fed. 524, but do not call our attention to any decision in point by a court of last resort. They rely upon *United States* v. *Tiffin* (C. C.) 190 Fed. 279, but that case is not with them, for it is there pointed out that municipal corporations have only the delegated right of eminent domain, and can exercise the right only within the ordinary scope of the delegation, while the United States and the several states have extraordinary powers incident to sovereignty.

It follows from what has been said that the demurrer was properly overruled. The defendants requested at the hearing that leave be granted to answer if the demurrer was not sustained, and the cause will be disposed of accordingly.

*Decree overruling the demurrer is affirmed. In other respects the decree is reversed pro forma, and the cause remanded, with leave to apply. Let the plaintiff recover its costs.*