MRS. R. JULIA BALL, Executrix of PERCY ST. JOHN LOCKE, v. CITY OF HENDERSONVILLE and the BOARD OF FINANCIAL CONTROL OF BUNCOMBE COUNTY.

(Filed 22 November, 1933.)

**Pleadings D c—Fact that defendant is governmental agency may not be taken advantage of by demurrer where fact does not appear from complaint.**

Where the complaint in an action against a corporation sufficiently alleges a cause of action for damages arising in tort, and it does not appear from the face of the complaint that defendant corporation is a municipal agency created by statute, or that its negligence complained of was committed by it while acting as an administrative or governmental agency of the city, the corporation's demurrer setting forth such facts and maintaining that it was not subject to suit in tort is bad as a speaking demurrer, and should have been overruled.

APPEAL by plaintiff and by the defendant, city of Hendersonville, from *McElroy, J.*, at May-June Term, 1933, of HENDERSON. Reversed.

This is an action to recover of the defendants damages for the death of plaintiff's testator.

It is alleged in the complaint that the death of plaintiff's testator was the result of personal injuries which he suffered on 19 February, 1932, when he slipped and fell while walking down a stairway which extends from a street in the city of Hendersonville, under the sidewalk, to a barber shop in the basement of a building located within the corporate limits of said city; that said stairway was constructed some time during the year 1926 by the then owner of said building, with the permission of the defendant, city of Hendersonville; and that said stairway was negligently constructed, and since its construction has been negligently maintained by the owner of said building, with the permission of said defendant.

It is further alleged in the complaint that since the construction of said stairway, the defendant, the Board of Financial Control of Buncombe County has become the owner of said building, and is now and was at the time plaintiff's testator was injured, the owner of the same; and that said defendant has negligently maintained the said stairway for the use of persons who have occasion to go to the basement of said building for business or other purposes.

It is further alleged in the complaint that the death of plaintiff's testator was caused by the negligence of both the defendants, city of Hendersonville and the Board of Financial Control of Buncombe County, with respect to the construction and maintenance of the stairway on which he was walking at the time he suffered his fatal injuries.

It is further alleged in the complaint that the defendant, city of Hendersonville, is a municipal corporation, and that the defendant, the Board of Financial Control of Buncombe County is a corporation, both organized under and by virtue of the laws of this State.

The plaintiff demands judgment that she recover of the defendants the sum of $25,000, as damages for the death of her testator.

The defendant, city of Hendersonville, in its answer, denies the allegations of the complaint which constitute the cause of action alleged therein against said defendant. It alleges that if the defendants are both liable to the plaintiff on the cause of action alleged in the complaint, the defendant, the Board of Financial Control of Buncombe County is primarily, and said defendant secondarily liable thereon to the plaintiff. The said defendant prays judgment that plaintiff recover nothing of it by her action, but that if it shall be adjudged that plaintiff is entitled to recover of both the defendants, it shall be further adjudged that said defendant recover of its codefendant, the Board of Financial Control of Buncombe County such sum as it shall be required to pay to the plaintiff as damages for the death of her testator, and as the costs of the action.

The defendant, the Board of Financial Control of Buncombe County, in its answer, denies the allegations of the complaint which constitute the cause of action alleged therein against said defendant. As a further answer and defense to the cause of action alleged in the complaint, the said defendant alleges:

"1. That the plaintiff did not present her claim to this answering defendant within the time required by law; that the Board of Financial Control of Buncombe County is a subsidiary of the city of Asheville, a municipal corporation of said Buncombe County and State of North Carolina, and is an agency of the city of Asheville, created, among other things, for the purpose of liquidating collateral securities owned by said city and of holding, for the benefit of said city, title to real estate realized from the foreclosure of said securities; that it is provided, among other things, in the charter of the city of Asheville, that all claims against said city must be presented to the board of commissioners within ninety days from the date said claim accrues, or the claim shall be forever barred.

2. That the plaintiff did not present her claim to the Board of Financial Control and/or the city of Asheville within the time required by law as a prerequisite to her right to maintain this action, on account of which said claim is barred, and this answering defendant specifically pleads the failure of said plaintiff to present her claim within the time required by law as a bar to her recovery herein."

The said defendant, the Board of Financial Control of Buncombe County prays judgment that plaintiff recover nothing by her action.

After the jury was empaneled for the trial of the action on the issue raised by the pleadings, the defendant, the Board of Financial Control of Buncombe County, demurred *ore tenus* to the complaint "on the ground that the complaint fails to state a cause of action, for that said Board of Financial Control of Buncombe County has been created by chapter 235, Public-Local Laws of 1931, to exercise governmental and administrative functions only in the liquidation of property and collateral acquired and owned by said board, and was not, therefore, subject to be sued in tort in handling said property." This demurrer was sustained.

From judgment dismissing the action as against the defendant, the Board of Financial Control of Buncombe County, both the plaintiff and the defendant, city of Hendersonville, appealed to the Supreme Court.

*Ewbanks & Weeks and Chas. F. Toms for plaintiff.*
*J. E. Shipman for defendant, city of Hendersonville.*
*Reddin & Reddin for defendant, the Board of Financial Control of Buncombe County.*

CONNOR, J. The only allegations in the complaint in this action with respect to the demurring defendant, the Board of Financial Control of Buncombe County, are (1) that said defendant is a corporation organized under and by virtue of the laws of this State; (2) that said defendant is now and was at the time plaintiff's testator suffered the injuries which resulted in his death the owner of the building located in the city of Hendersonville, and described in the complaint; and (3) that the negligence of said defendant, as specifically alleged in the complaint, in maintaining the stairway on which plaintiff's testator was walking when he slipped and fell, concurring with the negligence of the defendant, city of Hendersonville, in permitting such maintenance, was a proximate cause of his death.

It does not appear on the face of the complaint that said demurring defendant is a corporation organized under and by virtue of chapter 253 of the Public-Local Laws, 1931, of this State, or that said defendant owns the building described in the complaint and maintains the stairway on which plaintiff's testator was walking when he suffered his fatal injuries, only as an administrative or governmental agency of the city of Asheville, a municipal corporation. These facts are alleged in the answer, and also in the demurrer *ore tenus,* which was first interposed by the defendant after the action was called for trial.

In *Sandlin v. Wilmington,* 185 N. C., 257, 116 S. E., 733, it is said: "A demurrer admits the allegations of the preceding pleading and puts to the test the question of their legal sufficiency; it raises an issue or issues of law upon the facts pleaded, but not a question of fact or an issue of fact; and when it invokes the aid of a fact which does not appear in the pleading demurred to, it is denominated a "speaking demurrer," and as such is insufficient. Therefore, we cannot consider the defendant's reference in the demurrer to the Public Laws of 1913 or to the Private Laws of 1907. These matters may be pleaded in the answer by way of defense."

The principle thus clearly stated by *Adams, J.,* in the opinion for the Court in the cited case, is well settled. *Hanks v. Utilities Co.,* 204 N. C., 155, 167 S. E., 560; *Southerland v. Harrell,* 204 N. C., 675, 169 S. E., 423; *Ellis v. Perley,* 200 N. C., 403, 157 S. E., 29. On this principle, the judgment in the instant case is

Reversed.