**J. A. JONES CONSTRUCTION COMPANY, A CORPORATION, v. LOCAL UNION 755 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS (A. F. OF L.) AND W. W. CAUDLE, BUSINESS AGENT, LOCAL UNION 755 OF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS (A. F. OF L.).**

(Filed 28 June, 1957.)

**1. Associations § 5—**

An unincorporated labor union which is doing business in North Carolina by performing acts for which it was formed is suable as a separate legal entity, G.S. 1-69.1, G.S. 1-97(6), and may be served with process in the manner prescribed by statute.

**2. Same: Process § 7½—**

On the hearing of motion of defendant labor union to dismiss the action against it on ground of want of valid service, evidence disclosing that defendant was doing business in this State by performing the acts for which it was formed, that it had appointed no process agent, and that service was had on defendant by service on the Secretary of State, supports adjudication that service was valid, G.S. 1-97(6), the burden being upon defendant, if it contended that the Secretary of State had not forwarded a copy of the process to defendant, to show such failure.

**3. Public Officers § 7a—**

There is a presumption that a public official discharged his duties in good faith and exercised his powers in accord with the spirit and purpose of the law.

**4. Process § 7½—**

Service of process on a defendant labor union by service on its business agent in charge of its affairs, who collected and disbursed money for it, is calculated to give the union full notice.

**5. Pleadings § 19a—**

On demurrer to the jurisdiction of the court and motion to dismiss for want of valid service on defendant, there is no statute which requires the judge to find the facts.

**6. Appeal and Error § 22—**

Where the court, in overruling motion to dismiss for invalid service, finds no facts, and there is no request for findings, it will be presumed that the court, upon proper evidence, found facts to support its judgment.

**7. Pleadings § 17c—**

A demurrer lies only when the defect asserted as the ground of demurrer is apparent upon the face of the pleading attacked.

**8. Same—**

Where, in an action to enjoin alleged unlawful picketing pursuant to a conspiracy to force plaintiff to violate the State Right to Work Statute, G.S. 95-78 through 95-84, demurrer on the ground that the action was

within the exclusive jurisdiction of the National Labor Relations Board and the Federal Courts, is properly overruled when it is not alleged in the complaint, expressly or inferentially, that plaintiff was or is engaged in a business affecting interstate or foreign commerce, and the allegation of additional facts in the demurrer relative to this point is bad as a speaking demurrer.

**9. Appeal and Error § 38—**

Where no reason or argument is stated or authority cited in the brief in support of an assignment of error, such assignment is taken as abandoned. Rule of Practice in the Supreme Court No. 28.

**10. Injunctions § 8—**

Where the verified complaint alleges sufficient facts to support an order continuing the temporary restraining order to the hearing, the court's order to this effect upon its finding the facts to be as set out in the complaint is without error, and defendant's exception that such finding is a broadside finding is without merit.

**11. Same: Master and Servant § 2e—Record held not to show that continuance of temporary order enjoined the exercise of any rights under Federal Labor Management Act.**

This action was instituted to restrain alleged unlawful picketing pursuant to a conspiracy to force plaintiff to violate the State Right to Work Law. On motion to show cause why the temporary restraining order should not be continued, the court found the verified allegations of the complaint to be facts and found further from defendant's answer and plaintiff's admission that plaintiff was engaged in the construction business, performing services both within and without the State in excess of $500,000 per year, purchased goods from out of State of a large value and had a gross annual income of over $3,000,000 per year. *Held:* The facts are insufficient to show that continuance of the temporary restraining order enjoined the exercise of any rights of defendants protected by the Federal Labor Management Act, and the order will not be disturbed, the question being determinable upon the evidence to be offered upon the hearing upon the merits.

**12. Injunctions § 9—**

The findings of fact and the other proceedings upon the hearing of a motion for the continuance of an interlocutory injunction are not proper matters for the consideration of the court or jury in passing on the issues determinable at the final hearing.

**13. Appeal and Error § 6—**

On defendants' appeal from order continuing a temporary order restraining alleged unlawful picketing, plaintiff moved to dismiss the appeal on the ground that the projects in question had been completed, and that therefore the questions had become moot. Defendants filed a written reply asserting that questions as to invasion of the jurisdiction under the National Labor Management Relations Act and other issues had been raised in the action, and that the questions were not moot. The motion to dis-

miss is denied, since whether the questions had become moot may be more properly determined when the case comes on for trial on the merits.

APPEAL by defendants from *Sharp, S. J.,* Special Civil Term 3 December 1956 of MECKLENBURG.

Civil action to restrain the establishment and maintenance of picket lines.

On 21 November 1956 plaintiff had a summons issued in this action, and procured an order for extension of time to file a complaint until 11 December 1956. On the same day plaintiff filed with the court a verified petition praying for an injunction restraining the defendants from establishing and maintaining a picket line at building jobs of petitioner at Charlotte, at Jefferson, and at other places in the State. The allegations of the petition are more fully set forth in plaintiff's complaint, which will be summarized below. On the same day plaintiff presented its summons and petition as an affidavit to the Honorable J. Frank Huskins, Judge Presiding over a regularly scheduled B Term of Mecklenburg Superior Court, and Judge Huskins issued a temporary injunction restraining the defendants from further alleged unlawful picketing of plaintiff's construction jobs as prayed in the petition, and ordering them to appear before Sharp, S. J., at the courthouse in Charlotte on 10 December 1956 at 10:00 o'clock a.m. and show cause, if any they could, why the temporary injunction should not be continued until the final determination of the action. On the same day copies of the summons, petition and temporary injunction were served upon two pickets at plaintiff's construction job in Charlotte. On 28 November 1956 copies of the summons and petition were served upon defendant W. W. Caudle, business agent for the defendant Local Union 755 I. B. E. W. (A. F. of L.), in Winston-Salem, and on 30 November 1956 copies of the summons, petition and temporary injunction were served upon the Secretary of State of North Carolina.

On 10 December 1956 the defendant Local Union 755 made a special appearance before Judge Sharp, and filed what it termed a "motion to dismiss and special demurrer" upon the grounds that it is an unincorporated labor union and cannot be sued or served with lawful process, that no lawful service has been had upon it, and the court had no jurisdiction over it. Judge Sharp heard evidence upon the "motion to dismiss and special demurrer," and continued the hearing until 14 December 1956 at the same place.

On 11 December 1956 plaintiff filed with the court its complaint in the action, a copy of which with a copy of the temporary injunction was served upon the defendant Caudle, business agent of defendant Local Union 755 I. B. E. W. (A. F. of L.) on 14 December 1956, and a similar

service of process was had upon the Secretary of State of North Carolina on 19 December 1956.

This is a summary of the complaint: Plaintiff is a Delaware corporation, domesticated in North Carolina, with its principal office in Charlotte, and is engaged in the general construction business. Local Union 755 I. B. E. W. (A. F. of L.) is an unincorporated labor union, and is a duly chartered local union of I. B. E. W. (A. F. of L.) with jurisdiction by reason of its charter of its members for collective bargaining in the city of Winston-Salem, where it has its place of business, and a limited adjacent area, but said jurisdiction does not extend to the city of Charlotte. The defendant W. W. Caudle is the duly employed business agent of Local Union 755, and as such is charged with the direction of its business affairs. On 18 September 1956 plaintiff entered into a contract with the Ashe County Development Corporation for the construction of a manufacturing type of building at Jefferson, North Carolina. On 12 March 1956 plaintiff entered into a contract with the Wachovia Bank & Trust Company for the construction of a banking house and office building in Charlotte, North Carolina. Shortly after the signing of these contracts plaintiff began the construction of these buildings, and contracted with sub-contractors for part of the work to be done and with its employees for the work. These sub-contractors and its own employees desire to perform their contracts with plaintiff. Plaintiff contracted with Adams Electric Company of Reidsville, North Carolina, as a sub-contractor, to do the electrical work on the job at Jefferson. Adams Electric Company is an independent contractor, and plaintiff has no control over its affairs or employees. There is no dispute in respect to collective bargaining between plaintiff and any of its employees, or between plaintiff and any labor union, on either the job at Jefferson or Charlotte. On 12 November 1956 defendant Local Union 755 picketed the job at Jefferson, although there is no labor dispute between it and plaintiff. The picket line proved ineffective. Whereupon, the defendant Caudle and the members of defendant Local Union 755 agreed and conspired among themselves to force plaintiff into an agreement with them to violate the State Right to Work Statute, G.S. 95-78 through 95-84, to coerce its employees into joining a labor union as a condition of their employment, and to break its contracts with its sub-contractors, unless such sub-contractors would coerce their employees to join a labor union as a condition of their employment, and to interfere with, delay and destroy plaintiff's business, if it did not accede to such unlawful demands of said conspiracy: all of which conspiracy and acts were wrongful, unlawful, wilful and malicious and contrary to the Right to Work Statute of the State. Pursuant to and as a part of said conspiracy the defendants approached an officer of plaintiff charged with its labor relations, and threatened

to shut down plaintiff's construction jobs all over the State of North Carolina, unless plaintiff would force its sub-contractor, the Adams Electric Company, to coerce its employees into union membership contrary to the Right to Work Statute of the State, or unless plaintiff breached its contract with Adams Electric Company and entered into a contract for the work the Adams Electric Company was doing with an electric contractor employing union labor. Upon the refusal of plaintiff to comply with the defendants' unlawful demands, the defendants on 20 November 1956 established a picket line at the entrance to its construction job in Charlotte, with the pickets carrying signs inscribed "J. A. JONES CONSTRUCTION COMPANY UNFAIR L. U. 755 I. B. E. W., WINSTON-SALEM." The picketing in Charlotte did not grow out of any labor dispute between plaintiff and defendants, nor did it grow out of labor relations in any respect, but was part of defendants' conspiracy to interfere with and destroy plaintiff's business, and thereby coerce plaintiff into the unlawful conspiracy. As a result of the establishment of the picket line at Charlotte large numbers of plaintiff's employees and the sub-contractors of plaintiff left their jobs, refusing to cross the picket line as the defendants planned, conspired and anticipated, and plaintiff is unable to carry forward its work, and will be unable to do so, if defendants are permitted to carry out their unlawful conspiracy. The jurisdiction of the construction job in Charlotte is in Charlotte Local Union 379 I. B. E. W. (A. F. of L.), and there is no labor dispute between it and plaintiff. Unless defendants are restrained from their unlawful acts, plaintiff will be irreparably damaged by having its business unlawfully interfered with, hindered and destroyed, for plaintiff has no adequate remedy at law. Wherefore, plaintiff prayed for an injunction permanently restraining defendants from interfering with its business at its construction jobs in the State.

Upon the resumption of the hearing on 14 December 1956 defendants "reserving all rights under special appearance, motion to dismiss and special demurrer," filed a demurrer, which the court treated as responsive to plaintiff's petition and complaint. The grounds of the demurrer are these: One, the court has no jurisdiction of this civil action; two, the complaint fails to state facts sufficient to constitute a cause of action. The demurrer alleges that it appears upon the face of the complaint the action arises out of a dispute between plaintiff and a labor union whose operations affect commerce within the meaning of the Federal Labor Management Relations Act, and that the allegations and prayer for relief amount to allegations of unfair labor practices on defendants' part; such practices and acts being violative of Sections 8(b) and (4) of said Act, which is an Act of Congress regulating commerce, by which Act the U. S. Congress has pre-empted the field of enjoining

the acts complained of by vesting exclusive jurisdiction in the National Labor Relations Board and the Federal Courts.

Defendants filed with the court, and introduced in evidence, their answer verified by W. W. Caudle, to be treated as an affidavit, reserving all their rights under special appearance, motion to dismiss, special demurrer and demurrer. The answer in substance denies the allegations of the petition and complaint, and alleges there is a labor dispute between defendants and plaintiff, as well as with the Adams Electric Company. The answer then as a further defense and counterclaim alleges in substance: Plaintiff's operations, the size and nature of which are stated in some detail, affect commerce within the meaning of the Labor Management Relations Act, 1947, as amended, and it is subject to the jurisdiction of that Act and of the National Labor Relations Act. Local Union 755 is an unincorporated labor union and W. W. Caudle is its business agent and employee. Prior to 21 November 1956, and since, plaintiff did discriminate against members of defendant union, and favored non-members of the union in staffing certain construction jobs, which conduct is continuing. "Such conduct is unlawful and is damaging to the defendant union and its members." The quoted sentence is the sole allegation in the answer as to damages. The prayer for relief is that plaintiff be denied any relief, that the temporary restraining order be dissolved, that defendants be granted such relief as may be lawful.

Judge Sharp entered judgment denying defendants' motion to dismiss and special demurrer and overruling the demurrer to the petition and complaint, and continued the temporary injunction issued by Judge Huskins to remain in full force and effect until the issues arising between the parties can be tried before a jury and a final determination had. Upon motion of the defendants Judge Sharp found the facts upon which the temporary injunction was continued, as follows: The facts are found as set out in plaintiff's complaint, together with the following facts which plaintiff admits: "Plaintiff is a corporation organized and existing under the laws of Delaware and domesticated and doing business in North Carolina. It is a general construction contractor, and is engaged in building for others under contracts manufacturing and commercial buildings in this state valued at several million dollars, employing several hundred construction employees. It performs services both within and without the state in excess of $500,000.00 per year. It purchases goods from out of state valued at more than $500,000.00 per year. It purchases goods from other companies received from out of state valued at over $1,000,000.00 per year. Its annual gross volume of business exceeds $3,500,000.00 per year."

From the judgment entered defendants appeal.

*Robert S. Cahoon and Carl E. Gaddy, Jr., for Defendants, Appellants.*
*H. Haywood Robbins and William H. Abernathy for Plaintiff, Appellee.*

PARKER, J.   The defendant Local Union 755 I. B. E. W. (A. F. of L.)
assigns as error the failure of the court to dismiss the action as to it,
because as an unincorporated labor union it cannot be sued, and further
because no lawful service of process has been had upon it, as set forth in
its "motion to dismiss and special demurrer."

On 10 December 1956 Judge Sharp heard evidence upon the "motion
to dismiss and special demurrer" of defendant Local Union 755 I. B.
E. W. (A. F. of L.), and continued the hearing until 14 December 1956
at the same place.   At the hearing evidence to this effect was intro-
duced: Local Union 755 I. B. E. W. (A. F. of L.) is an unincorporated
labor union located in, and with headquarters in, Forsyth County,
North Carolina, and it has failed to appoint any process agent.   De-
fendant W. W. Caudle is business agent for defendant Local Union 755,
is in charge of its affairs, and collects and disburses money for it.   From
this evidence and from defendants' joint answer introduced in evidence
when the hearing was resumed, it clearly appears that defendant Local
Union 755 is an unincorporated labor union, which is doing business in
North Carolina by performing acts for which it was formed.   It is,
therefore, suable as a separate legal entity.   G.S. 1-69.1; G.S. 1-97 (6) ;
*Stafford v. Wood,* 234 N.C. 622, 68 S.E. 2d 268.

G.S. 1-69.1, which became effective on 1 July 1955, and was in force
when this case was instituted, provides that an unincorporated labor
union may hereafter sue or be sued under the name by which it is com-
monly known and called, or under which it is doing business, to the
same extent as any other legal entity established by law and without
naming any of the individual members composing it.   The words "sue"
and "be sued" used in this statute "normally include the natural and
appropriate incidents of legal proceedings" (*Reconstruction F. Corp. v.
J. G. Menihan Corp.,* 312 U.S. 81, 85 L. Ed. 595), and "embrace all civil
process incident to the commencement or continuance of legal proceed-
ings."   83 C.J.S., p. 775.

Defendant Local Union 755 has failed to appoint any process agent.
The Record shows that the Sheriff of Wake County on 30 November
1956 served a copy of the summons, petition and temporary injunction
of Judge Huskins on the Secretary of State of North Carolina, and on
19 December 1956 he served on the same official a copy of the com-
plaint.   By virtue of G.S. 1-97 (6) such service of process—Local Union
755 doing business in this State by performing acts for which it was
formed, and having appointed no process agent—is legal and binding on

defendant Local Union 755. There is no evidence that the Secretary of State of North Carolina did not forward to Local Union 755 a copy of the process served upon him. "There is a presumption that public officials will discharge their duties in good faith and exercise their powers in accord with the spirit and purpose of the law." *In re Housing Authority,* 233 N.C. 649, 65 S.E. 2d 761. If the Secretary of State did not forward a copy of the process served upon him to defendant Local Union 755, the burden was on Local Union 755 to show it, and it has not done so. *Kirby v. Board of Education,* 230 N.C. 619, 55 S.E. 2d 322.

The Record also shows that on 28 November 1956 the Sheriff of Forsyth County served on the defendant W. W. Caudle, business agent of the defendant Local Union 755, a copy of the summons and petition, and that on 14 December 1956 the Sheriff of Mecklenburg County served on the defendant Caudle a copy of the complaint and the temporary injunction of Judge Huskins. Certainly, W. W. Caudle's relationship to defendant Local Union 755 is such that it can reasonably be expected he would give notice of the action to Local Union 755. That Local Union 755 had full notice of the summons, petition, temporary restraining order and complaint cannot be doubted.

Judge Sharp did not find the facts in respect to the "motion to dismiss and special demurrer," but merely denied and overruled it. The defendant Local Union 755 did not ask Judge Sharp to find the facts, as it did to find the facts upon which the temporary restraining order was continued to the final hearing, which the Judge did, though after judgment the Local Union 755 excepted to Judge Sharp's failure to find the facts. There is no statute which required Judge Sharp to find the facts on this "motion to dismiss and special demurrer," and in the absence of a request that findings of fact be made, "it is presumed that the Judge, upon proper evidence, found facts to support his judgment." *Holcomb v. Holcomb,* 192 N.C. 504, 135 S.E. 287.

Judge Sharp properly denied the "motion to dismiss and special demurrer," and the assignments of error in respect thereto are overruled.

Defendants assign as error the overruling of the demurrer to the complaint, because as they contend in their brief the court had no jurisdiction of the subject matter of the action, because jurisdiction is vested exclusively in the National Labor Relations Board and the Federal Courts by virtue of the Labor Management Relations Act, 1947, as amended.

G.S. 1-127(1) provides that the defendant may demur to the complaint when it appears upon the face thereof that the court has no jurisdiction of the subject of the action. A demurrer lies only when the defect asserted as the ground of demurrer is apparent upon the face

of the pleading attacked. *Kennerly v. Town of Dallas,* 215 N.C. 532, 2 S.E. 2d 538; 41 Am. Jur., Pleading, sec. 208. A demurrer which requires reference to facts not appearing on the face of the pleading attacked is a "speaking demurrer," and is bad. *McDowell v. Blythe Brothers Co.,* 236 N.C. 396, 72 S.E. 2d 860, where numerous authorities are cited. In that case the Court said: "The Court will not consider the supposed fact introduced by the 'speaking demurrer' in passing on the legal sufficiency of the facts alleged in the complaint."

The Supreme Court of Vermont said in *Vermont Hydro-Electric Corp. v. Dunn,* 95 Vt. 144, 112 Atl. 223, 12 A.L.R. 1495: "It has been held that a demurrer is not aided by facts not appearing in the pleadings, even though conceded at the hearing."

*Southerland v. Harrell,* 204 N.C. 675, 169 S.E. 423, was an action by an administrator to recover damages for the wrongful death of his intestate. Both defendants in apt time filed pleas to the jurisdiction of the court alleging that the North Carolina Industrial Commission had exclusive jurisdiction of the claim of plaintiff against them, and that the Superior Court had no jurisdiction of the cause of action alleged in the complaint. The lower court dismissed the action. This Court reversed the judgment below saying the pleas to the jurisdiction of the court are, in effect, demurrers, and no facts alleged in the pleas can be considered in passing on the demurrer, and that a defect of jurisdiction does not appear on the face of the complaint. To the same effect, see *Hanks v. Utilities Co.,* 204 N.C. 155, 167 S.E. 560; *Ball v. Hendersonville,* 205 N.C. 414, 171 S.E. 622.

G.S. 1-133 states, "when any of the matters enumerated as grounds of demurrer do not appear on the face of the complaint, the objection may be taken by answer."

There is no allegation of fact in the complaint stating that plaintiff was, or is, engaged in a business affecting interstate or foreign commerce, and no allegation from which such fact can reasonably be inferred. Hence, nothing appears on the face of the complaint showing that the National Labor Management Relations Act of 1947, as amended, has any application.

In *Consolidated Edison Co. v. National Labor Relations Board,* 305 U.S. 197, 83 L. Ed. 126, *Chief Justice Hughes* speaking for the Court, said: "Thus, the 'commerce' contemplated by the Act (aside from that within a Territory or the District of Columbia) is interstate and foreign commerce. The unfair labor practices which the Act purports to reach are those affecting that commerce. Section 10(a). In determining the constitutional bounds of the authority conferred, we have applied the well settled principle that it is the effect upon interstate or foreign commerce, not the source of the injury, which is the criterion."

In 31 Am. Jur., Labor, sec. 140, it is written: "Notwithstanding the broad words of the preamble, the National Labor Relations Act may be, and is to be, construed so as to operate within the sphere of the constitutional authority of Congress. So construed, the act in empowering the National Labor Relations Board to prevent any person from engaging in any unfair labor practice 'affecting commerce' (Sec. 10(a), 29 U.S.C.A., Sec. 160(a)) merely reaches what may be deemed to burden or obstruct interstate and foreign commerce, aside from that within a territory or the District of Columbia."

In *Weber v. Anheuser-Busch,* 348 U.S. 468, 99 L. Ed. 546, 558, the Court said: "We realize that it is not easy for a state court to decide, merely on the basis of a complaint and answer, whether the subject matter is the concern exclusively of the federal Board and withdrawn from the State."

Here we are asked to pass on the question on the basis of the face of the complaint alone.

The court below properly overruled the demurrer to the complaint on the ground of lack of jurisdiction of the court over the subject matter of the action, for it does not appear upon the face of the complaint that the court has no jurisdiction over the subject of the action, nor does it appear on the face of the complaint that the exercise of any rights of the defendants protected by the National Labor Management Relations Act of 1947, as amended, is involved.

Defendants assign as error the overruling of their demurrer to the complaint on the ground that the complaint fails to state facts sufficient to constitute a cause of action for injunctive relief. In support of this assignment of error, based upon an exception, no reason or argument is stated or authority cited in defendants' brief, and it is taken as abandoned. Rules of Practice in the Supreme Court, Rule 28, 221 N.C. 544, 563; G.S. Vol. 4A, Supreme Court Rules, p. 185; *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126; *S. v. Bittings,* 206 N.C. 798, 175 S.E. 299; *Swinton v. Realty Co.,* 236 N.C. 723, 73 S.E. 2d 785; *Robinson v. Thomas,* 244 N.C. 732, 94 S.E. 2d 911.

Upon motion of the defendants that Judge Sharp find the facts upon which the temporary restraining order of Judge Huskins was continued to the final hearing upon the merits, the Judge found the facts to be as set out in plaintiff's complaint. The defendants assign this as error as a broadside finding. This assignment of error is without merit. *Owen v. DeBruhl Agency, Inc.,* 241 N.C. 597, 86 S.E. 2d 197.

Upon the question as to whether the temporary injunction should be continued to the final hearing on the merits, it appears from the Record that defendants introduced no evidence, except their answer. We are of opinion that the facts set forth in the complaint, which the Judge

found as facts, are sufficient to support the continuance of the temporary injunction to the final hearing on the merits, and that the admission of plaintiff as to the size of its business, which the Judge found as a fact, together with the other facts found by the Judge, are not sufficient to show that a state court has enjoined the exercise of any rights of defendants, which the Federal Labor Management Act, 1947, as amended, protects. *Local Union No. 10, A. F. of L. v. Graham,* 345 U.S. 192, 97 L. Ed. 946, which affirmed a judgment of the Law and Equity Court of the City of Richmond restraining labor unions from peaceful picketing, which the Virginia Courts enjoined on the ground that it was carried on for purposes in conflict with the Virginia "Right to Work" Statute; *Pappas v. Stacey,* 151 Me. 36, 116 A. 2d 497 (appeal of this case to U. S. Supreme Court dismissed in a *Per Curiam* decision, 350 U.S. 870, 100 L. Ed. 776); *Vogt, Inc. v. International Brotherhood of Teamsters,* 270 Wis. 315, 74 N.W. 2d 749, which case was affirmed on appeal to the U. S. Supreme Court on 17 June 1957, ...... U.S. ......, ...... L. Ed. ....... When the case comes on for final hearing on the merits, defendants may, or may not, be able to show by evidence that the state court has no jurisdiction over the subject of the action by virtue of the Federal Labor Management Act, 1947, as amended. They have not done so by their meager evidence before Judge Sharp.

This Court said in *Huskins v. Hospital,* 238 N.C. 357, 78 S.E. 2d 116: "The findings of fact and other proceedings of the judge who hears the application for an interlocutory injunction are not binding on the parties at the trial on the merits. Indeed, these findings and proceedings are not proper matters for the consideration of the court or jury in passing on the issues determinable at the final hearing."

The other assignments of error brought forward and mentioned in defendants' brief are supported by no citation of authority, have been considered, and are all overruled.

In this Court plaintiff filed a written motion to dismiss defendants' appeal for the alleged reason that pending the hearing and determination of the appeal all controversies arising in this case between the parties have become moot by reason of the completion of the construction job at Jefferson, and no relief can be granted by any court to either party respecting anything in this case. Defendants have filed a written reply to the motion opposing the dismissal of their appeal, and asserting that the questions and issues involved in the case are alive and as vigorously disputed as they ever have been, and are in no way moot. Plaintiff's motion to dismiss the appeal is denied.

The defendants' answer raises the question of whether the Superior Court has jurisdiction over the subject of the action by reason of the National Labor Management Relations Act, 1947, as amended, and also raises other issues. Whether the questions and issues in the case have

become moot, or are vigorously alive, can be determined when the case comes on for trial in the court below on the merits.

The judgment below is

Affirmed.