ALICE HENKLE RHYNE v. C. DALE CLARK, CHARLES C. CLEGG, LEO FULLER, FRANK L. RANKIN, J. B. THOMPSON, V. A. HOWARD, TRUSTEES OF CHURCH PROPERTY OF THE FIRST METHODIST CHURCH OF MOUNT HOLLY, NORTH CAROLINA.

(Filed 27 September, 1961.)

1. Pleadings §§ 15, 18—

A demurrer will lie only for defect apparent on the face of the complaint, without consideration of facts alleged in the answer, and when it is not apparent on the face of the complaint that there is a defect of parties plaintiff or defendant, or that a necessary party has not been joined, it is error for the court to sustain defendants' demurrer on the ground that a necessary party had not been joined.

APPEAL by plaintiff from *Walker, Special Judge,* August 7, 1961, Term of GASTON.

Plaintiff's action is for injunctive relief and damages.

Plaintiff, in brief summary, alleges: She owns a tract of land in Mount Holly, North Carolina, and an easement or right-of-way over defendants' adjoining tract for use as a driveway. This driveway has been established and in use by plaintiff and her predecessors in title for more than forty-five years. The driveway was paved and was visible and apparent when defendants acquired title to their property. Defendants, by means of a bulldozer, have "graded away" plaintiff's said driveway, destroying it to such extent an automobile cannot be driven thereon between the street and plaintiff's yard and garage.

Defendants answered. They denied the essential allegations of the complaint and alleged four further defenses. In their third further defense, they alleged the plaintiff had conveyed "all her right, title, and interest in the property now owned by the defendants to Henry Henkle Rhyne."

When the case was called for trial, defendants "demurred ore tenus to the plaintiff's complaint on the ground that a necessary party had not been joined as plaintiff or defendant." After hearing, the court "ORDERED, ADJUDGED AND DECREED that the demurrer be and it is sustained and that this action be dismissed." Plaintiff appealed.

*McDougle, Ervin, Horack & Snepp for plaintiff, appellant.*
*Childers & Fowler and Ernest R. Warren for defendants, appellees.*

PER CURIAM.  "A demurrer lies only when the defect asserted as the ground of demurrer is apparent upon the face of the pleading attacked." *Construction Co. v. Electrical Workers Union*, 246 N.C. 481, 488, 98 S.E. 2d 852; G.S. 1-127; G.S. 1-133. Facts alleged in defendants' answer may not be considered in passing on the legal sufficiency of the complaint.

Here, the allegations of the complaint do not disclose "a defect of parties plaintiff or defendant." G.S. 1-127(4). Nor do they disclose "that a necessary party ha(s) not been joined as plaintiff or defendant." Hence, the judgment sustaining defendants' demurrer *ore tenus* and dismissing the action was erroneously entered and is reversed.

Reversed.